ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC  A. SEITZ            1412
DELLA  A. BELATTI         7945
SARAH  R. DEVINE          9673
820 Mililani Street, Suite 714
Honolulu, HI 96813
Telephone:  (808) 533-7434
Facsimile:  (808) 545-3608

Attorneys for Plaintiff
GERARD  K. PUANA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERARD K. PUANA, | ) | CIVIL NO. 16-00659 |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR DAMAGES; |
| vs. | ) | DEMAND  FOR  JURY  TRIAL |
| | ) | |
| KATHERINE  P.  KEALOHA, | ) | |
| LOUIS M. KEALOHA, MINH- | ) | |
| HUNG "BOBBY"  NGUYEN, | ) | |
| DANIEL  SELLERS,  NIALL | ) | |
| SILVA, WALTER  CALISTRO, | ) | |
| DRU  AKAGI,  JOHN  and/or | ) | |
| JANE DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

Plaintiff GERARD K. PUANA, by and through his undersigned attorneys, alleges as follows:

## I. Introduction

(1)    This is an action to redress the deprivation under color of statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of  rights, privileges, and immunities secured to Gerard K. Puana [hereinafter "Plaintiff"] by the Fourth, Fifth, and  Fourteenth Amendments to the Constitution of the United States, inter alia, Article I, Sections 2, 5, 6, and 7 of the Constitution of the State of Hawaii, inter alia, and 42 U.S.C. Section 1983, et seq.

(2)    Plaintiff contends that he was wrongfully seized, denied his liberty, and maliciously prosecuted due to the acts of Defendants in violation of applicable provisions of the Constitution of  the  United States and the Constitution of the State of Hawaii, inter alia.

(4)    This case arises under the Constitution and statutes of the United States of America and the State of Hawaii, inter alia.

(5)    The claims asserted herein present a question of federal law thereby conferring jurisdiction upon the Court pursuant to 28 U.S.C. Sections 1331, 1343(3),  18 U.S.C. Section 1964(c), and 42 U.S.C. Section 1983, inter alia.

Any and all state law claims contained herein form part of the same case or controversy as gives rise to Plaintiff's federal law claims and therefore fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

(6)     Venue resides in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. Section 1391(b), inter alia, as all of the events and/or omissions described herein occurred in the State of Hawaii.

II.  Parties

(7)     Plaintiff  is and has been a resident of the City and County of Honolulu, State of Hawaii, at all times pertinent hereto.

(8)  Defendant   KATHERINE   P.   KEALOHA   (hereinafter "Katherine  Kealoha") is and has been a citizen and resident of the City and County of Honolulu, State of Hawaii, and is and has been a Deputy Prosecuting Attorney employed by the City and County of Honolulu at all times pertinent hereto.  Katherine Kealoha is married to Defendant Chief Kealoha and is sued herein both in her individual and official capacities.

(9)   Defendant   LOUIS M.   KEALOHA   (hereinafter "Chief Kealoha") is and has been a citizen and resident of the City and County of Honolulu, State of Hawaii, and is and has been the Chief of the Honolulu Police Department at all times pertinent hereto.  Chief  Kealoha is married to Defendant

3

Katherine P. Kealoha and is sued herein both in his individual and official capacities.

(10)   Plaintiff  is informed and believes, and thereupon alleges, that Defendants MINH-HUNG "BOBBY" NGUYEN ("Nguyen"), DANIEL SELLERS ("Sellers"), NIALL SILVA ("Silva"), WALTER CALISTRO ("Calistro"), and DRU AKAGI ("Akagi")  are and have been citizens and residents of the City and County of Honolulu, State of Hawaii, and are and have been employed as police officers by the Honolulu Police Department at all times pertinent hereto. Defendants Nguyen, Sellers, Silva, Calistro, and Akagi are sued herein both in their individual and official capacities.

(11)   Defendants JOHN and/or JANE DOES 1-50 (hereinafter "Doe Defendants") are individuals whose true identities and capacities are as yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the breaches of duties and/or violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the injuries alleged herein.  The true names and capacities of Doe Defendants will  be substituted as they become known.  Doe Defendants are sued herein both in their individual and official capacities.

III.  Factual Allegations

(12)  In or about January, 2007, Katherine Kealoha approached Plaintiff with an investment opportunity involving an investment group of which Katherine Kealoha was a part.

(13)  On or about February 22, 2007, Plaintiff gave Katherine Kealoha $25,000.00 in cash to invest in Katherine Kealoha's investment group.

(14)  Between May, 2007, and October, 2008, Plaintiff received almost $11,000.00 in returns from Katherine Kealoha's investment group with virtually all of the returns obtained by Plaintiff via monthly withdrawals from an account set up by Katherine Kealoha using an ATM card provided to him by Katherine Kealoha.

(15)  On or about November 12, 2008, Plaintiff gave Katherine Kealoha  $15,000.00 in cash after Katherine Kealoha had approached him with another investment opportunity.

(16)  On or about December 24, 2008, Plaintiff asked Katherine Kealoha if the money he had given to her to invest could be used as a down payment to purchase a condominium ("the Greenwood condo"), to which Katherine Kealoha  replied that the money Plaintiff  had invested was not enough to use for the down payment.

(17)  In January 2009, Katherine Kealoha asked Plaintiff to talk to

Florence Puana,  Plaintiff's mother and Katherine Kealoha's paternal grandmother, about obtaining a reverse mortgage on Florence Puana's house which would allow Plaintiff to purchase the Greenwood condo, as well as help Katherine Kealoha and her husband, Chief Kealoha, consolidate their personal bills and refinance a property.  Katherine Kaloha assured Plaintiff that she and her husband  would pay off the reverse mortgage in 3 to 6 months and that Plaintiff could make payments directly to Katherine Kealoha to cover those portions of the reverse mortgage funds used to purchase the Greenwood condo.

(18)   Between January 2009 and October 2009, Katherine Kealoha spearheaded efforts to obtain a reverse mortgage on Florence Puana's house and purchase the Greenwood condo.

(19)   As part of the process of obtaining the reverse mortgage, Katherine Kealoha  became the Trustee of the Gerard K. Puana Revocable Trust by executing and then presenting to the title company a fake and fraudulent trust document.

(20)   The document that purports to be the Gerard K. Puana Revocable Trust appears to have been notarized by an Allison Lee-Wong on January 19, 2007; however, according  to the records of the Hawaii Department of the Attorney General, Notary Public Office, there was no notary public named Allison Wong, Allison L. Wong, Allison Lee-Wong, Allison Lei-Wong, or any

other variation at the time the Gerard K. Puana Revocable Trust ostensibly was notarized.

(21)   Plaintiff is informed and believes that Allison Lee-Wong was the assistant or secretary to Katherine Kealoha when Katherine Kealoha worked at the State of Hawaii Office of Environmental Quality Control.

(22)   The fraudulent document presented by Katherine Kealoha to the title company as the Gerard K. Puana Revocable Trust purports to contain Plaintiff's signature in two places;   however,  these signatures are not by Plaintiff, and he never signed the purported Gerard K. Puana Revocable Trust document.

(23)   Plaintiff is informed and believes that Katherine Kealoha has testified under oath that her signatures are on the Gerard K. Puana Revocable Trust document, but that she never signed the document and does not know how her own signatures came to be on the document.

(24)   Plaintiff is informed and believes that the Gerard K. Puana Revocable Trust document contains, as Schedule A, a list of assets that have never belonged to Plaintiff.

(25)   On or about October 6, 2009,  the reverse mortgage via MetLife on Florence Puana's house was recorded in the Bureau of Conveyances,  and the funds from the reverse mortgage  were deposited into an account controlled by Katherine Kealoha.

(26)   On or about October 14, 2009, the Greenwood condo deed was recorded in the Bureau of Conveyances, with the deed in the name of Katherine Kealoha, as Trustee of the Gerard K. Puana Revocable Trust.  The deed for the Greenwood condo is currently still in the name of Katherine Kealoha, as Trustee of the Gerard K. Puana Revocable Trust.

(27)   On or about October 16, 2009, Plaintiff deposited in the mailbox outside Katherine and Louis Kealahoa's house in Kahala an envelope provided to Plaintiff earlier that day by the real estate agent for the purchase of the Greenwood condo, as well as $30,000.00 in cash, which Katherine Kealoha had told Plaintiff she would keep in her safe located at her private residence for safekeeping.

(28)   On or about June 27, 2011, Plaintiff was arrested by Officer Chad Gibo of the Honolulu Police Department ("HPD") for Unauthorized Entry in a Dwelling ("UED") after stepping foot inside a neighbor's house during an argument over a parking spot.

(29)   Plaintiff is informed and believes that, after he was transported from the scene of the June 27, 2011 arrest, and after his residence had been closed and locked by the arresting officers, Katherine Kealoha  arrived and unlawfully entered the premises with the assistance of Defendants Nguyen and Sellers.

(30)   Plaintiff is informed and believes that on or about June 27, 2011, after unlawfully entering the premises in which Plaintiff resided, Katherine Kealoha removed  items including approximately $15,000.00 in cash, a cap gun, two knives, a memory card, clothing, and hats bearing the HPD logo that had been given to Plaintiff by Katherine and/or Chief Kealoha.

(31)   On or about June 30, 2011, Plaintiff was charged in Criminal No. 1PC-11-1-895 on June 30, 2011, with UED in a case that was prosecuted by the City and County of Honolulu Department of the Prosecuting Attorney ("DPA"), where Katherine Kealoha was then employed as a Deputy Prosecuting Attorney.

(32)   From June 27, 2011 to September 6, 2011 – a total of 72 days -- Plaintiff was incarcerated on the pending UED charge during which  Katherine Kealoha falsely represented to family members, including Plaintiff's sisters and his son, that Plaintiff's arrest was related to a drug problem, and that family members should not post  bail or assist Plaintiff because she was taking care of everything.

(33)   During Plaintiff's incarceration on the UED charge, Plaintiff was able to contact his son to request that his son obtain $15,000 cash from Plaintiff's residence to be used for Plaintiff's bail;  however, after Plaintiff's son went to get the money from Plaintiff's residence the son reported to Plaintiff that the money was not there.

(34)   As a consequence of the foregoing Plaintiff was unable to post bail and remained in custody for a period of 72 days.

(35)   Between about June 27, 2011, and about September 6, 2011, Katherine Kealoha used her position as a Deputy Prosecuting Attorney to have Plaintiff transported from jail to state court, by the Sheriff's Division of the Department of Public Safety, on dates when Plaintiff did not have a scheduled court hearing  so that Katherine Kealoha could meet with Plaintiff and convince Plaintiff to enter a residential drug treatment program, despite the fact that Plaintiff did not have a drug problem, by telling Plaintiff that she could then arrange to have his UED case favorably resolved.

(36)   Based on representations made to him by Katherine Kealoha, Plaintiff agreed to attend an in-patient drug treatment program at Sand Island that Plaintiff had been told would be for a duration of one month to six weeks.

(37)   After Plaintiff was admitted to the Sand Island drug treatment program and learned that its duration could be as long as two years, he disenrolled and returned to the Oahu Community Correctional Center where he was again incarcerated until the UED case was concluded.

(38)   On December 12, 2011, Plaintiff plead no contest to the UED charge arising from the June 27, 2011 arrest in Criminal No. 1PC-11-1-895, and received a deferred acceptance of his no contest plea.

(39)   On or about January 24, 2013, Plaintiff is informed and believes that Katherine Kealoha told a Bank of Hawaii ("BOH") customer service representative that Plaintiff had committed financial crimes against Katherine Kealoha and was under investigation.

(40)   In or about April, 2013, Plaintiff and Florence Puana became engaged in bitter and sharply contested civil litigation with Katherine Kealoha over issues related to the reverse mortgage taken out by Katherine Kealoha on Florence Puana's residence.

(41)   On June 22, 2013, Katherine Kealoha called 911 at approximately 1:30 p.m. to report that the personal mailbox in front of the Kealohas' Kahala house had been taken.  HPD Officers Frederick Rosskopf and Alfred Jurrison were dispatched to the Kealohas' house in response.

(42)   In the ensuing investigation of the alleged mailbox theft, Plaintiff is informed and believes that Katherine and Chief Kealoha repeatedly lied to and/or made deliberate misrepresentations to the HPD officers assigned to the case, and the assigned HPD officers repeatedly committed misconduct by failing to properly document events, handle evidence, and/or prepare accurate reports.

(43)   On or about June 29, 2013, Katherine Kealoha allegedly reported to HPD, for the very first time, that she could identify Plaintiff from

surveillance film as the person taking her mailbox, and Plaintiff was then arrested and charged with theft.

(44)   However, prior to June 29, 2013, when Plaintiff had never even been identified as a suspect in the mailbox theft case, Plaintiff was followed and subjected to surveillance by HPD officers who later denied the surveillance and failed to file proper reports of their activities.

(45)   Plaintiff is informed and believes, and thereupon alleges, that several HPD officers including, but not limited to, Defendants Minh-Hung "Bobby" Nguyen, Walter Calistro, Dru Akagi, and Niall Silva mishandled evidence, falsified reports, otherwise failed to perform investigative and normal police duties in a capable and professional manner in order to insure that Plaintiff would be prosecuted for the alleged theft of the Kealohas' mailbox.

(46)   On or about July 3, 2013, Plaintiff is informed and believes that Katherine Kealoha told a postal service investigator that Plaintiff had attempted to access her bank account in an incident that "HPD was still investigating."

(47)   Plaintiff is informed and believes, and thereupon alleges, that when Chief Kealoha testified on December 4, 2014, at Plaintiff's criminal trial for theft of the mailbox Chief Kealoha knowingly and deliberately submitted perjured testimony and then deliberately caused a mistrial by revealing information, in the presence of the jury, that was clearly precluded by applicable court rules.

(48)   On December 15, 2014, the federal theft charge against Plaintiff was dismissed with prejudice pursuant to a motion for dismissal brought by the prosecutor, and a written order dismissing the case was filed on December 16, 2014.

(49)   As a direct and proximate result of the foregoing Plaintiff was arrested, incarcerated, prosecuted, and defamed in violation of rights guaranteed to him by applicable provisions of the Constitution of the United States and the Constitution of the State of Hawaii.

(50)   As a direct and proximate result of the foregoing Plaintiff has suffered enormous emotional distress, worry, and anxiety in amounts to be proven at trial.

(51)   As a direct and proximate result of the foregoing Plaintiff has incurred costs, fees, expenses, and losses of earnings and income in amounts to be proven at trial.

(52)   Plaintiff is informed and believes that the Defendants acted herein knowingly, deliberately, intentionally, and maliciously.

IV.   First Cause of Action

(53)   Plaintiff hereby incorporates all of the allegations set forth in paragraphs 1 through 52, above.

(54)   Plaintiff is informed and believes, and thereupon alleges, that

13

the Defendants acted and/or purported to act herein under color of statutes, ordinances, rules, regulations, customs, policies, practices, and/or usages of the City and County of Honolulu, State of Hawaii, and in the scope and course of their employment as police officers and/or prosecuting attorneys.

(55)   Plaintiff is informed and believes, and thereupon alleges, that the Defendants impermissibly used their offices and/or law enforcement powers and authority to wrongfully conduct surveillance upon Plaintiff, interrogate, arrest, and incarcerate Plaintiff without reasonable or just cause, and prosecute and/or influence the prosecution of Plaintiff impermissibly.

V.   Second Cause of Action

(56)   Plaintiff hereby incorporates all of the allegations set forth in paragraphs 1 through 52, above.

(57)   Plaintiff is informed and believes, and thereupon alleges, that the Defendants in their individual capacities engaged herein in a pattern of racketeering activity that was intended and carried out to cause injuries to Plaintiff by impermissibly entering into and seizing his property, conducting surveillance upon Plaintiff, mishandling evidence, making untruthful reports or statements about Plaintiff, and causing Plaintiff to be wrongfully arrested, incarcerated, and prosecuted, inter alia, in violation of 18 U.S.C. Section 1962(c), inter alia.

VI.    Third Cause of Action

(58)   Plaintiff hereby incorporates all of the allegations set forth in paragraphs 1 through 52, above.

(59)   Plaintiff is informed and believes, and thereupon alleges, that Defendants in their individual capacities knowingly, deliberately, intentionally, and maliciously caused Plaintiff to suffer enormous mental distress in amounts to be proven at trial.

VII.   Fourth Cause of Action

(60)   Plaintiff hereby incorporates all of the allegations set forth in paragraphs 1 through 52, above.

(61)   Plaintiff is informed and believes, and thereupon alleges that Katherine Kealoha and certain of the other Defendants in their individual capacities made false statements and/or reports about Plaintiff, knowing of the falsity of those statements, and intending thereby to defame and cause damages to Plaintiff.

WHEREFORE Plaintiff prays for relief as follows:

(1)    For general damages according to the proof thereof at trial;

(2)    For treble damages pursuant to 18 U.S.C. Section 1964(c);

(3)    For special damages according to the proof thereof at trial;

(4)    For punitive or exemplary damages;

(5)   For reimbursement of his costs and fees incurred herein;  and

(6)   For  such  further  and  additional  relief  as  the  Court  deems appropriate and just.

DATED:    Honolulu, Hawaii, December 14, 2016.


/s/ Eric A. Seitz
ERIC  A. SEITZ
DELLA  A. BELATTI
SARAH  R. DEVINE

Attorneys for Plaintiff
GERARD  K. PUANA