

DEPARTMENT OF THE CORPORATION COUNSEL
## CITY AND COUNTY OF HONOLULU
530 SOUTH KING STREET, ROOM 110 • HONOLULU, HAWAII  96813
PHONE:  (808) 768-5193 • FAX:  (808) 768-5105 • INTERNET:  www.honolulu.gov

RICK BLANGIARDI
MAYOR

DANA M.O. VIOLA
CORPORATION COUNSEL DESIGNATE

KRISHNA F. JAYARAM
FIRST DEPUTY CORPORATION COUNSEL

April 19, 2021

*Via Electronic Filing*

The Honorable Wes R. Porter
 Magistrate Judge
U.S. District Court for the District of Hawai'i
300 Ala Moana Blvd. Room C-338
Honolulu, Hawai'i 96850

Re:   LETTER BRIEF UNDER LOCAL RULE 37.1(c) (DISCOVERY ASSISTANCE)
      *Gerald K. Puana, et al. v. Katherine P. Kealoha, et al.,*
      Civil No. 16-00659 JMS-WRP

Dear Magistrate Judge Porter:

        Defendant City and County of Honolulu ("*City*") requests your expedited discovery assistance pursuant to Local Rule 37.1(c), in lieu of filing a motion for a protective order. The City seeks a protective order regarding the noticed depositions of former mayor Kirk Caldwell and Honolulu Police Department ("*HPD*") Chief Susan Ballard because: (1) Plaintiffs cannot establish extraordinary circumstances to justify the depositions; (2) the depositions are not relevant and are intended to harass and annoy; and (3) the City's pending motion to dismiss is likely dispositive of all claims against the City. The deposition of Susan Ballard is noticed for May 10, 2021, and the deposition of Kirk Caldwell is noticed for May 11, 2021. The City requests an expedited ruling on this matter prior to those dates.

        Pursuant to L.R. 37.1(b), I certify compliance with L.R. 37.1 and Fed. R. Civ. Pro. 26(c)(1). The undersigned conferred with Plaintiffs' counsel on April 9, 2021 to resolve the dispute without court action. Per ECF No. 134, the parties' letter briefs are due by 4:00 p.m. on April 19, 2021.

## PROCEDURAL BACKGROUND

        This case was originally filed on December 14, 2016. *See* ECF No. 1. The case was subsequently stayed, and reopened on December 11, 2020. *See* ECF No. 97.

        The trial date is January 25, 2022, and the discovery cutoff is November 26, 2021. *See* ECF No. 110. No discovery has been exchanged to date, and, in fact, the parties have not exchanged initial disclosures.

*The Honorable Wes R. Porter*
*April 19, 2021*
*Page 2*

## LEGAL STANDARD

### I.      Deposing Current and Former "High-Ranking" Officials

As a general rule, high-ranking government officials are not subject to deposition absent extraordinary circumstances. *U.S. v. Morgan*, 313 U.S. 409 (1941); *Thomas v. Cate*, 715 F.Supp.2d 1012, 1049 (E.D. Cal. 2010); *In re United States of America*, 985 F.2d 510, 512 (11th Cir. 1993); *Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979); *Coleman v. Schwarzenegger*, 2008 U.S. Dist. LEXIS 70224, at *19–20 (E.D. Cal. 2008).

### II.     General Standard for Protective Order

Under Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, forbidding a deposition or limiting its scope. Fed. R. Civ. P. 26(c)(1).

### III.    Relevance Requirement

Relevance bears on the protective order analysis. *See Chrisman v. Bd. Of Cty. of Comm'rs*, No. CIV-17-1309-D, 2020 U.S. Dis. LEXIS 223042, at *6-7 (W.D. Okla. Nov. 30, 2020) (citation omitted). "The burden of demonstrating relevance is on the party seeking discovery." *Id.* (citation omitted). Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "The considerations that bear on proportionality include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Chrisman*, 2020 U.S. Dis. LEXIS 223042, at *6–7 (citation omitted).

The scope of discovery is "not unlimited and is further defined by proportionality considerations." *Id.* at *7 (citations omitted). "A plaintiff's broad theory of the case does not necessarily justify broad discovery." *Id.* (citation omitted). In addition, "courts should thwart fishing expeditions." *Id.* (citation omitted). "Discovery is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *SEC v. Goldstone*, 301 F.R.D. 593, 643 (D.N.M. 2014) (cleaned up).

## ARGUMENT

### I.      Plaintiffs Cannot Demonstrate "Extraordinary Circumstances" Warranting the Depositions of Ballard and Caldwell—Current and Former "High-Ranking" Officials.

The Honorable Wes R. Porter
*April 19, 2021*
*Page 3*

"When a party seeks the deposition of a high-ranking government or corporate official (a so called 'apex' deposition), there is tremendous potential for abuse or harassment." *Givens v. Newsom*, No. 2:20-cv-0852-JAM-CKD, 2021 U.S. Dist. LEXIS 3135, at *11–12 (E.D. Cal. Jan. 7, 2021) (cleaned up).

As stated above, high-ranking government officials are not subject to deposition absent extraordinary circumstances. *See generally Morgan,* 313 U.S. 409; *Cate*, 715 F.Supp.2d at 1049. Extraordinary circumstances are present where: (1) the high-ranking official has "direct personal factual information pertaining to material issues in an action"; and (2) "the information to be gained is not available through any other sources." *Coleman*, 2008 U.S. Dist. LEXIS 70224, at *20 at (quoting *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007)). The rationale behind the rule is twofold. First, the rule aims to protect officials from discovery obligations that will burden the performance of their duties. *In re United States of America*, 985 F.2d at 512. Second, the rule is intended to protect officials from unwarranted inquiries into their decision-making process. *Morgan*, 313 U.S. at 422. "The burden is on the Plaintiff to prove that extraordinary circumstances exist that make deposition . . . necessary." *Kob v. City of Marin*, No. C 07-2211 JL, 2009 U.S. Dist. LEXIS 107376, at *9 (N.D. Cal. Nov. 3, 2009).

It is well-established that a Chief of Police is considered a "high-ranking government official" and, therefore, not subject to being deposed absent a showing of extraordinary circumstances. *See Sargent v. City of Seattle*, No. C12-1232 TSZ, 2013 U.S. Dist. LEXIS 65356, at *4, 7 (W.D. Wash. May 7, 2013) (City of Seattle, Washington Police high-ranking official); *Arizmendi v. City of San Jose*, 2010 U.S. Dist. LEXIS 46288, at *8 (N.D. Cal. Apr. 7, 2010) (City of San Jose, California Police Chief high-ranking official); *K.C.R. v. Cty. of L.A.*, No. CV 13-3806 PSG (SSx), 2014 U.S. Dist. LEXIS 98279, at *15–16 (C.D. Cal. July 11, 2014) (collecting cases).

It is similarly well-established that a Mayor of a City is a high-ranking government official for purposes of being deposed. *Buono v. City of Newark*, 249 F.R.D. 469, 470 n.3 (D.N.J. 2008) (citing *Bogan*, 489 F.3d at 424; *Marisol A. by Forbes v. Giuliani*, 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719, at *4 (SDNY March 23, 1998) (treating a mayor as a high-ranking government official for purposes of a motion for a protective order from discovery); *Kob*, 2009 U.S. Dist. LEXIS 107376, at *9 (citation omitted). While Caldwell is the City's former Mayor, the rule with respect to deposing high-ranking government officials extends to former high-ranking officials, including former mayors. *See Lederman v. N.Y.C. Dep't of Parks & Rec.*, 731 F.3d 199, 204 (2d Cir. 2013) (applying exceptional circumstances doctrine to former deputy Mayor); *United States v. Wal-Mart Stores*, Civil Action. No. PJM-01-CV-152, 2002 U.S. Dist. LEXIS 6929, at *6 (D. Md. Mar. 29, 2002) (recognizing a limited immunity from deposition for both current and former high-ranking officials).

In the instant case, Plaintiffs cannot demonstrate extraordinary circumstances because: (1) there is no showing whatsoever that Caldwell or Ballard have direct personal factual information pertaining to material issues in an action, and (2) even if there were such evidence, there is no indication that such information cannot be obtained from other sources. Notably, Caldwell and

*The Honorable Wes R. Porter*
*April 19, 2021*
*Page 4*

Ballard are not mentioned in the First Amended Complaint ("*FAC*"). Plaintiffs do not allege in the FAC that either of them have knowledge of any of the factual allegations. Indeed, Plaintiffs' contentions with respect to municipal liability are that Chief Kealoha and Donna Leong were final policymakers, *not* Chief Ballard or Mayor Caldwell. Plaintiffs' proffer no showing—through the FAC, or otherwise—that Ballard, an officer at the time, or that the former Mayor would have any knowledge as to Plaintiffs' allegations.

## II.     The Noticed Depositions Are Clearly Intended to Annoy, Embarrass, and/or Oppress, and Have No Relevance to Any Material Issue in the Case

The depositions, which Plaintiffs noticed without asking for counsel's and deponents' availability[1] and without any semblance of a factual nexus to allegations in the FAC, can only have been noticed for the purpose of "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

In addition, the noticed depositions are prohibited because: (1) Plaintiffs cannot fulfill their burden of demonstrating relevance; (2) the depositions are not proportional to the needs of the case; and (3) the depositions can, at best, be described as fishing expeditions, which is not a sufficient basis to warrant discovery. *See Chrisman*, 2020 U.S. Dis. LEXIS 223042, at *6–7; Fed. R. Civ. P. 26(b)(1). In other words, there is no "modicum of objective support" for the taking of Caldwell's or Ballard's depositions. *See SEC v. Goldstone*, 301 F.R.D. 593 at 643 (citations omitted).

Notably, Plaintiffs notified the City of their desire to depose these individuals after the City alerted Plaintiffs' counsel to the City's intent to file a motion to dismiss. Perhaps realizing that the FAC insufficiently alleges municipal liability, Plaintiffs seem to be on a fishing expedition to shore up support for such a claim. That is not how discovery works:

> The law is well settled that a plaintiff is not entitled to discovery it might need to state a plausible claim for relief. *Mujica v. AirScan Inc*., 771 F.3d 580, 593 (9th Cir. 2014). That is, a plaintiff "must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Id.* (emphasis in *Mujica*) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions")); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 ("'[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n.17 (1983))). *District courts in the Ninth Circuit, including this court, have heeded the Supreme Court's mandate that a plaintiff state a plausible claim to relief before embarking on discovery. See, e.g., Katz v. Am. Express Co.,* Civ. No. 14-00084 JMS-RLP, 2015 U.S. Dist. LEXIS 17907, 2015 WL 631342, at *5 (D. Haw. Feb. 13, 2015) (citing *Mujica* and *Iqbal*).

---

[1] Caldwell is unavailable May 11, 2021 to attend a deposition.

*The Honorable Wes R. Porter*
*April 19, 2021*
*Page 5*

*Hu Honua Bioenergy, Ltd. Liab. Co. v. Hawaiian Elec. Indus.*, No. 16-00634 JMS-KJM, 2017 U.S. Dist. LEXIS 223820, at *7 (D. Haw. July 6, 2017) (emphasis added).

## III.    The Depositions are Inappropriate Given the City's Pending Motion to Dismiss.

Motions to stay discovery pending resolution of a dispositive motion may be granted when the pending motion: (1) is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery aimed" and (2) can be decided without additional discovery. *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at *20 (E.D. Cal. Feb. 7, 2011); *Johnson v. Monsanto Co.*, No. 16-00075 JMS-RLP, 2016 U.S. Dist. LEXIS 66980, at *3 (applying two-part test); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of a motion to dismiss). Notably, "[o]ne of the purposes of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *See Rutman Wine Co. v. E.&J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (holding, in the context of an antitrust action, "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery"); *see also* Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 601 (D. Nev. 2011) (applying the Ninth Circuit's holding in *Rutman*).

In the instant case, the City's motion to dismiss (ECF No. 136) is potentially dispositive of all claims against the City, and the motion can be decided without any discovery. The motion argues that Plaintiffs' claims are precluded as a matter of law due to statute of limitations and also challenges the legal sufficiency of the claims. Therefore, there are no factual issues in need of examination pending the potentially dispositive motion. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (noting that stays may be appropriate where the pending dispositive motion does not raise factual issues). Further, while there are other defendants not subject to the pending motion to dismiss, there is no indication from Plaintiffs' First Amended Complaint, or otherwise, that the deposition of Caldwell and/or Ballard would be relevant to any claims against non-City defendants. In addition, the City's Motion will be fully briefing by May 5, 2021, and the Court will decide the City's motion without a hearing. Therefore, because the City's motion will be resolved in short order, a relatively brief stay of discovery is needed, and Plaintiffs will not be prejudiced.

I certify under penalty of law that the foregoing statements are true to the best of my personal knowledge and belief. Thank you for assisting the parties with this discovery dispute.

Very Truly Yours,

*/s/ Stephen Atwell*

Stephen Atwell
Deputy Corporation Counsel