IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GERARD K. PUANA, ET AL., | ) | CIVIL NO. 16-00659 LEK-WRP |
| | ) | |
| Plaintiffs, | ) | ORDER AS TO LETTER BRIEFS |
| | ) | FILED ON APRIL 19, 2021 |
| vs. | ) | |
| | ) | |
| KATHERINE P. KEALOHA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER AS TO LETTER BRIEFS FILED ON APRIL 19, 2021

Plaintiffs and the City and County of Honolulu (City & County) filed letter briefs requesting expedited discovery assistance on April 19, 2021 under Rule 37.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  See ECF Nos. 142, 143.  In the letter briefs, the City & County ask the Court to issue a protective order to prevent the depositions of former Honolulu Mayor Kirk Caldwell and Honolulu Police Department Chief Susan Ballard.  See id.[1]

---

[1] In its letter brief, the City & County only seek a protective order as to the depositions of Mayor Caldwell and Chief Ballard.  See ECF No. 142.  Although Plaintiffs also mention the deposition of Defendant Louis M. Kealoha in their letter brief, the Court makes no finding regarding that deposition because that dispute is not before the Court.  See ECF No. 143.

BACKGROUND

Plaintiff Gerard K. Puana and Picky L. Hartsell, as Trustee of the Florence M. Puana Trust, filed this action Katherine P. Kealoha, Louis M. Kealoha, Dona Leong, Minh-Hung Nguyen, Daniel Sellers, Derek Wayne Hahn, Nial Silva, Walter Calistro, and Dru Akagi, for violation of Plaintiffs' constitutional rights related to Plaintiff Gerard K. Puana's arrest and prosecution for an alleged mailbox theft and related to a reverse mortgage on the home of Florence M. Puana.  See ECF No. 80.  The City & County were substituted as Defendant for all official capacity claims alleged in the First Amended Complaint on February 17, 2021.  See ECF No. 118.

In the present dispute, Defendant City & County seeks a protective order to prevent the depositions of former Honolulu Mayor Kirk Caldwell and Honolulu Police Chief Susan Ballard.  See ECF No. 143.

DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In determining whether the discovery is "proportional to the needs of the case," the court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Additionally, under Rule 26, "any person from whom discovery is sought may move for a protective order" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Veterans for Common Sense v. Shinseki, 644 F.3d 845, 888 (9th Cir. 2011) ("'[B]road discretion is vested in the trial court to permit or deny discovery.'") (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The burden is on the party seeking the protective order to "show good cause" by demonstrating harm or prejudice that will result from the discovery. See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002).

When a party seeks to take the deposition of a high-level official, often referred to as an "apex" deposition, the Court may issue a protective order preventing the deposition if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Apple Inc. v.

Samsung Electronics Co., Ltd., 282 F.R.D. 259, 263 (N.D. Cal. 2012).  High-level officials "are not normally subject to deposition," "absent extraordinary circumstances."  Green v. Baca, 226 F.R.D. 624, 648 (C.D. Cal. 2005) (quoting Kyle Eng. Co. v. Kleppe, 600 F.2d 226, 231-32 (9th Cir. 1979)).

Preliminarily, the individual objecting to a deposition must demonstrate that she "is sufficiently 'high-ranking' to invoke the deposition privilege."  Thomas v. Cate, 715 F. Supp. 2d 1012, 1049 (E.D. Cal. 2010) (citing United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 320 (D. N.J. 2009)).  Then, the Court then must consider: "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods."  Apple, Inc., 282 F.R.D. at 263; see also Coleman v. Schwarzenegger, 2008 WL 4300437 at *2 (E.D. Cal. Sept. 15, 2008) ("The extraordinary circumstances test may be met where high-ranking officials 'have direct personal factual information pertaining to material issues in an action,' and 'the information to be gained is not available through any other sources.'").

As an initial matter, the Court finds that former Mayor Caldwell and Chief Ballard are both sufficiently high ranking to warrant application of the standards applicable to apex depositions.  For the reasons discussed below, the Court finds that Plaintiffs met the applicable test in order to take the deposition of

4

Chief Ballard but have not met the test as to Mayor Caldwell at this time.

First, as to Chief Ballard, the Court finds that Plaintiffs have sufficiently demonstrated that Chief Ballard may have direct personal factual information pertaining to the claims in this matter.  As noted in Plaintiff's letter brief, Chief Ballard may have knowledge regarding similar surveillance of other individuals, the lack of policies and practices, and the general authority and power of the Honolulu Police Chief.  See ECF No. 143 at 1-2.  Based on the allegations in the First Amended Complaint, Chief Ballard may possess relevant information given her position as a high-ranking and long-standing officer who took over leadership at the Honolulu Police Department immediately following the incidents at issue in this litigation.  This information is not available through other sources.  Accordingly, the Court finds that Plaintiffs shown that Chief Ballard's deposition is appropriate in this case.  The Court DENIES Defendant City & County's request for a protective order to prohibit the deposition of Chief Ballard.

Second, as to Mayor Caldwell, the Court finds that Plaintiffs have failed to demonstrate that Mayor Caldwell has direct personal factual information pertaining to the claims in this matter or that the information at issue could not be obtained through other sources.  Plaintiffs argue that Mayor Caldwell "and his senior staff" took actions related to the Ethics Commission "to support and assist the Kealohas" and took actions "publicly and privately" to show support for

5

Defendant Louis Kealoha before, during, and after his criminal prosecution for the acts that form the basis of Plaintiffs' claims.  See id. at 2-3.  Based on their letter brief, it appears that Plaintiffs want to take Mayor Caldwell's deposition as the first step to determine his role and the scope of his knowledge about the events in this case.  See ECF No. 143 at 2-3.  It does not appear that Plaintiff have propounded interrogatories or sought documents targeted at determining this same information.  Plaintiff has not shown that they have sought any discovery regarding the actions of the Ethics Committee, Mayor Caldwell's involvement, the actions of any "senior staff," or the oversight by the Mayor and/or his staff of the incidents at issue in this litigation.  Based on the information before the Court, the Court finds that Plaintiffs have failed to demonstrate that they have exhausted other less intrusive discovery methods in order to obtain the same information.  Accordingly, the Court GRANTS Defendant City & County's request for a protective order to prohibit the deposition of Mayor Caldwell at this time.

        IT IS SO ORDERED.

        DATED, HONOLULU, HAWAII, APRIL 21, 2021.



Wes Reber Porter
United States Magistrate Judge

**PUANA, ET AL. V. KEALOHA, ET AL.; CIVIL NO. 16-00659 LEK-WRP;
ORDER AS TO LETTER BRIEFS FILED ON APRIL 19, 2021**