UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| GERARD K. PUANA, RICKY L. HARTSELL, AS TRUSTEE OF THE FLORENCE M. PUANA TRUST;<br><br>Plaintiffs,<br><br>vs.<br><br>KATHERINE P. KEALOHA, LOUIS M. KEALOHA, MINH-HUNG NGUYEN, MINH-HUNG "BOBBY" NGUYEN; DANIEL SELLERS, NIALL SILVA, WALTER CALISTRO, DRU AKAGI, JOHN AND/OR JANE DOES 1-50, DEREK WAYNE HAHN,<br><br>Defendants. | CIV. NO. 16-00659 LEK-WRP |

**ORDER: GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

On September 3, 2020, Plaintiffs Gerard K. Puana ("Puana") and Ricky L. Hartsell as Trustee of the Florence M. Puana Trust ("Hartsell") (collectively "Plaintiffs") filed their First Amended Complaint against Defendants Katherine P. Kealoha ("Katherine"), Louis M. Kealoha ("Louis"), Donna Leong ("Leong"), Minh-Hung "Bobby" Nguyen ("Nguyen"), Daniel Sellers ("Sellers"), Derek Wayne Hahn ("Hahn"), Niall Silva ("Silva"), Walter Calistro ("Calistro"), Dru Akagi ("Akagi") and Doe Defendants (collectively "Defendants"). [First Amended

Complaint, filed 9/3/20 (dkt. no. 80).]  Plaintiffs allege violations of the "Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, . . ., Article I, Sections 2, 5, 6, and 7 of the Constitution of the State of Hawai`i, . . . , and 42 U.S.C. Section 1983, . . . ."  [First Amended Complaint at 2.]  Specifically, Plaintiffs state four causes of action:  (1) violation of 42 U.S.C. §1983 ("1983 Claim"); (2) violation of 18 U.S.C. §1962(c) ("RICO Claim"); 3) intentional infliction of emotional distress ("IIED Claim"); and (4) defamation ("Defamation Claim").  [Id. at pgs. 27-30.]  Plaintiffs seek general, special, treble and punitive damages, reimbursement of fees and costs, and additional relief as determined by the Court.  [Id. at pgs. 30-31.]

On February 17, 2021, the parties filed their stipulation and agreed that the City and County of Honolulu ("the City") "is the proper party for the official capacity claims and official capacity claims against the Individual Defendants be dismissed with prejudice and Donna Leong be dismissed from the lawsuit," and the "claims against the Individual Defendants in their individual capacities, and Plaintiffs' 42 U.S.C. §1983 claim against the City remain." [Stipulation to Substitute City and County of Honolulu as Defendant for Official Capacity Claims and Dismiss Official

Capacity Claims Against Individual Defendants with Prejudice, filed 2/17/21 (dkt. no. 118) at 3.]

The City, in its Motion to Dismiss First Amended Complaint Filed on September 3, 2020, filed on April 12, 2021 ("Motion"), [dkt. no. 136,] seeks dismissal of the First Amended Complaint for failure to state a claim of municipal liability on the basis that the claims made against the individual defendants in their official capacity are barred by the statute of limitations; and municipal liability is not sufficiently pleaded.  [Mem. in Supp. of Motion at 2-3.]  It does not seek dismissal of the RICO Claim, IIED Claim and the Defamation Claim presumably because these are alleged only as against the individual defendants in their personal capacity.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  On May 12, 2021, this Court issued an entering order informing the parties of its ruling.  This Order supersedes that entering order.  As set forth below, the Motion is granted with prejudice as to any claim for relief of punitive damages against the City because it would be futile to permit any amendment of any claim seeking this relief.  The Motion is granted without prejudice as to all other claims against the City with leave to file a second amended complaint

because it is not clear that the complaint cannot be saved by any amendment. For the § 1983 Fourth Amendment claim for false arrest or malicious prosecution arising out of Puana's state criminal charge, the Motion is moot because Plaintiffs affirmatively represent that they do not make this claim. Plaintiffs shall file their Second Amended Complaint by **August 4, 2021.**

## DISCUSSION

>Rule 12(b)(6), Fed. R. Civ. P.,
>
>authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).
>
>In resolving a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. <u>Sateriale v. R.J. Reynolds Tobacco Co.</u>, 697 F.3d 777, 783 (9th Cir. 2012). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Mere conclusory statements in a complaint or "formulaic recitation[s] of the elements of a cause of action" are not sufficient. <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct.

4

> 1955. Thus, the Court discounts conclusory statements, which are not entitled to a presumption of truth, before determining whether a claim is plausible. Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. **However, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."** Harris v. Cty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (citation omitted).

Avila v. Sheet Metal Workers Loc. Union No. 293, 400 F. Supp. 3d 1044, 1054 (D. Hawai`i 2019) (alterations in Avila) (emphasis added).

### I.    Statute of Limitations

The relevant statute of limitations for claims brought under § 1983 is the forum state's statute of limitations for personal injury actions. Bird v. Dep't of Hum. Servs., 935 F.3d 738, 743 (9th Cir. 2019) (citation omitted), cert. denied sub nom. Bird v. Hawaii, 140 S. Ct. 899, 205 L. Ed. 2d 468 (2020) (citations omitted). The Hawai`i statute of limitations for personal injury actions is two years. Haw. Rev. Stat. § 657-7. Although Hawai`i law determines the limitations period, federal law determines when a civil rights claim accrues. Bird, 935 F.3d 743 (quoting Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001)). Under federal law, the "discovery rule" typically governs the accrual of § 1983 claims so that a claim accrues when the plaintiff knows or has reason to know of the injury upon which the action is based. Id. (citations omitted)).

5

The City submits that Plaintiffs' 1983 Claim on behalf of the Trust of Florence M. Puana ("Trust") is time-barred because it arises out of a 2009 reverse mortgage. [Mem. in Supp. of Motion at 5.]  Plaintiffs respond, in their opposition memorandum, that Florence M. Puana was unaware of the harm done to her until after Katherine and Louis were convicted in federal court, and after she obtained, on October 30, 2019, "a written order on the basis that the judgment [obtained by Katherine against Florence M. Puana and Puana] was obtained through a fraud on the court . . . ." and "was set aside." [Mem. in Opp. at 12-13.]  Thus, Plaintiffs argue, their claim on behalf of the Trust was filed on September 3, 2021, "well within two years of the judgment in Civil No. 13-1-0686-03 (VLC) being set aside." [Id.]

The City also argues that Plaintiffs' 1983 Claim "stemming from [Puana's] 2011 arrest for [a state criminal offense], and an unlawful seizure claim stemming from the 2013 [federal criminal charge]" is time-barred. [Mem. in Supp. of Motion at 7 (citations omitted).]  Plaintiffs, however, submit that they are not making "a malicious prosecution" claim for his 2011 arrest but rather claiming an abuse of position by Katherine in order to "influence the outcome of the 2013 State civil case" brought against her by Puana and Florence M. Puana. [Mem. in Opp. at 18.]  As to the federal criminal charge against

6

Puana, Plaintiffs argue Puana was "maliciously prosecuted under color of law based on lies and evidence hidden and fabricated" by Louis, Katherine, and others, and that the 1983 Claim did not accrue until "the charges were terminated in his favor" on December 16, 2014 ("12/16 Dismissal") and that he timely filed within two years of that dismissal. [Id. at 18-19.] Plaintiffs argue Puana timely filed within the two-year statute of limitations or, in the alternative, that there is equitable tolling "based on Defendants' fraud and concealment of acts giving rise to liability." [Id. at 19.]

        The original complaint in this action was filed by Puana only on December 14, 2016 for damages based on his contention that "he was wrongfully seized, denied his liberty, and maliciously prosecuted due to the acts of Defendants . . . ." [Complaint, filed 12/14/16 (dkt. no. 1) at ¶ 2.] Puana's claims arising out of his federal criminal charge were therefore timely filed within the two-year statute of limitations. For this reason, the Motion is denied as to these claims.

        Except for the claim arising out of the 12/16 Dismissal, the instant action was filed more than two years after the seminal events occurred and therefore these claims might ordinarily be time-barred. However,

> there are two doctrines which may apply to extend the limitations period or preclude a defendant from asserting the defense—equitable tolling and equitable estoppel. The federal version of these doctrines is concisely explained in Johnson v. Henderson, 314 F.3d 409 (9th Cir. 2002). "Equitable tolling" focuses on "whether there was excusable delay by the plaintiff: If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." Id. at 414 (quotation omitted). Equitable estoppel, on the other hand, focuses primarily on actions taken by the **defendant** to prevent a plaintiff from filing suit, sometimes referred to as "fraudulent concealment." Id. (citing Cada v. Baxter Healthcare Corp. 920 F.2d 446, 450–51 (7th Cir. 1990)).

Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008) (emphasis in Lukovsky). This Court has observed that:

> Fraudulent concealment, also termed "equitable estoppel," tolls the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) (internal citation and quotation marks omitted). Where equitable tolling is based on fraudulent concealment (i.e., equitable estoppel), the conduct constituting fraudulent concealment must be plead with the particularity required by Federal Rule of Civil Procedure 9(b). Id.; see also Stejic v. Aurora Loan Services, LLC, 2009 WL 4730734, at *4 (D. Ariz. 2009). To meet the pleading standard required by Rule 9(b), a plaintiff "must state the time, place and specific content of the false representations as well as the

8

>> identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988) (internal citation omitted).
>
> . . . .
>
> Angel v. BAC Home Loan Servicing, LP, Civ. No. 10-00240 HG-LEK, 2010 WL 4386775, at *4-5 (D. Hawai`i Oct. 26, 2010) (footnote omitted).

Molina v. OneWest Bank, FSH, 903 F. Supp. 2d 1008, 1023 (D. Hawai`i 2012).

The statute of limitations for Plaintiffs' claims arising out of the 2009 reverse mortgage and resulting civil judgment might be tolled until the civil judgment was set aside on October 30, 2019, but Plaintiffs' First Amended Complaint does not plead the conduct constituting fraudulent concealment with the particularity required by law. The Motion therefore must be granted as to these claims but, because amendment may be possible, the dismissal is without prejudice.

Plaintiffs' claims regarding Puana's 2011 arrest that resulted in his conviction for a state criminal charge are, frankly, as clear as mud. To the extent that Puana is alleging claims arising out of his 2011 arrest for a state criminal charge that are independent of any claims regarding the civil judgment that was set aside on October 30, 2019, Plaintiffs do not plead the conduct constituting fraudulent concealment with the particularity required by law. The Motion therefore must be

granted as to these claims but, because amendment may be possible, the dismissal is without prejudice.

## II.  Municipal Liability

There are three ways in which a plaintiff can show that a municipality is liable under § 1983, the plaintiff may prove that:  (1) "a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity"; (2) "the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official government policy"; or (3) "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Gillette v. Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992) (internal quotation marks and citations omitted).  Plaintiffs here generally allege that police officers, including the chief of police, and a deputy prosecuting attorney used their official positions to deprive them of property and personal liberty.  Plaintiffs are required to sufficiently allege that:

> (1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which "'amount[ ] to

10

> deliberate indifference'" to their constitutional rights; and (3) that these policies are the "'moving force behind the constitutional violation[s].'" Oviatt [v. Pearce], 954 F.2d [1479,] 1473, 1477 (9th Cir. 1992) (quoting City of Canton [v. Harris], 489 U.S. [378,] 389-91, 109 S. Ct. 1197 [(1989)].

Lee v. City of Los Angeles, 250 F.3d 668, 681-82 (9th Cir. 2001) (some alterations in Lee).

The City argues that Plaintiffs fail to plead a municipal policy, custom or practice that caused constitutional deprivation. This is correct. Absent from the First Amended Complaint is the identification of any such City policy, custom or practice. Likewise, there are no facts sufficiently pleaded that any of the named individual defendants was an official with final policy-making authority or that a final policy-making official ratified any wrongful conduct by the individual defendants that resulted in constitutional deprivation. The Motion therefore must be granted as to the municipal liability claims but, because amendment may be possible, the dismissal is without prejudice.

### III. **Puana's § 1983 Fourth Amendment Claim**

Puana affirmatively states that he is not seeking a § 1983 Fourth Amendment claim for false arrest or malicious prosecution arising out of his state criminal charge. [Mem. in Opp. at 30.] The Motion is therefore moot as to any § 1983

11

Fourth Amendment claim for false arrest or malicious prosecution arising out of Puana's state criminal charge.

## IV.   Plaintiffs' § 1983 Fifth Amendment Due Process Claim

Plaintiffs affirmatively state that they "are not bringing equal protection claims under the Due Process Clause of the Fifth Amendment[]" but "are bringing adequate, effective, and meaningful access to the courts claims under the Fifth and Fourteenth Amendments due process protections." [Mem. in Opp. at 33 (citations omitted).] Such a claim however is not sufficiently stated in the First Amended Complaint and thus the Motion must be granted, but because amendment may be possible, the dismissal is without prejudice.

## V.   Fourteenth Amendment Substantive Due Process Claim

The City submits that Plaintiffs cannot bring a malicious prosecution case under the Fourteenth Amendment substantive due process protections and that Plaintiffs have conceded this point, [Reply at 19,] and Plaintiffs argue that the City misunderstands their claim and that they have alleged a Fourth Amendment malicious prosecution claim, [Mem. in Opp. at 34]. What is clear is that Plaintiffs must state separately and specifically what claims they are alleging, because:

> In this circuit, nothing prevents Awabdy from bringing **both** malicious prosecution and direct

> First and Fourteenth Amendment claims in the same § 1983 action.
>
> In Poppell [v. City of San Diego], for instance, we analyzed the adult business operator's claim of malicious prosecution with the intent to deprive him of specific constitutional rights separately from his claim that he was prosecuted "on account of his exercise of the same rights he invoked in his malicious prosecution theory." 149 F.3d [951,] 961 [(9th Cir. 1998)]. And in Freeman [v. City of Santa Ana], the plaintiff's failure to prevail on her § 1983 claim of malicious prosecution did not serve to bar her claim that she was prosecuted in violation of her Fourteenth Amendment equal protection rights and in retaliation for exercising her First Amendment "associational" rights. 68 F.3d [1180,] 1185-88 [(9th Cir. 1995)]. Instead, as in Poppell, we analyzed each claim on its own merits.
>
> Accordingly, we remand to the district court with instructions to permit Awabdy to amend his complaint to state separately and specifically the various claims he intends to assert, i.e., a direct First Amendment claim, a direct Fourteenth Amendment claim, and/or a § 1983 malicious prosecution claim.

Awabdy v. City of Adelanto, 368 F.3d 1062, 1072 (9th Cir. 2004) (emphasis in Awabdy). Because Plaintiffs have not sufficiently and specifically stated the claim that they are alleging as to the malicious prosecution allegation, the Motion must be granted, but because amendment may be possible, the dismissal is without prejudice.

**VI.  Punitive Damages Against Municipality**

Plaintiffs concede that punitive damages cannot be awarded against the City, [Mem. in Opp. at 35,] and thus the Motion must be granted as to this relief sought with prejudice.

**VII. Plaintiffs' Motion for Summary Judgment**

Embedded within Plaintiffs' Memorandum in Opposition is a section titled "IV. Motion for Partial Summary Judgment." [Mem. in Opp. at 35 (emphasis omitted).]  Given that the Motion is granted in part such that the claims in the First Amended Complaint are dismissed as detailed above and Plaintiffs have leave to file a second amended complaint, to the extent this portion of Plaintiffs' Memorandum in Opposition constitutes a motion for partial summary judgment, it is denied as moot without prejudice.

In sum, the Motion is granted with prejudice as to any claim for relief of punitive damages against the City because it would be futile to permit any amendment of any claim seeking this relief.  The Motion is granted without prejudice as to all other claims against the City with leave to amend and file a second amended complaint because it is not clear that the complaint cannot be saved by any amendment.  Plaintiffs are ordered to file their second amended complaint by **August 4, 2021.**  The portion of Plaintiffs' Memorandum in Opposition

titled as a motion for partial summary judgment is denied as moot without prejudice.

Plaintiffs are cautioned that their second amended complaint must state all of their claims as well as all of the factual allegations, exhibits, and legal theories that these claims rely upon. Plaintiffs cannot rely upon or incorporate by reference any portion of the original complaint or First Amended Complaint. This Court will not consider Plaintiffs' second amended complaint collectively with the prior filings in this case. Further, Plaintiffs are not allowed to add any new claims, parties, or theories of liability in the second amended complaint. If they wish to do so, they must file a motion for leave to amend, and that motion will be considered by the magistrate judge. If Plaintiffs do not file a second amended complaint by **August 4, 2021**, the case will proceed on only the claims not included in the Motion.

## CONCLUSION

For the foregoing reasons, the City's Motion to Dismiss First Amended Complaint Filed on September 3, 2020, filed April 12, 2021, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED WITH PREJUDICE to the extent that the First Amended Complaint is dismissed with respect to any claim for punitive damages against the City, and to the extent that the remainder of the claims against the City are dismissed.

15

However, the Motion is DENIED to the extent that the First Amended Complaint is dismissed WITHOUT PREJUDICE to all claims against the City other than those for punitive damages.  To the extent the portion of Plaintiffs' Memorandum in Opposition constitutes a motion for partial summary judgment, it is DENIED AS MOOT WITHOUT PREJUDICE.  Plaintiffs are hereby ordered to file their second amended Complaint by **August 4, 2021.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 4, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GERARD K. PUANA, ET AL. VS. KATHERINE P. KEALOHA, ET AL.; CV 16-00659 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT; AND DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**