# MINUTE ORDER

CASE NUMBER:	1:16-CV-00659-LEK-WRP

CASE NAME:	Gerard K. Puana, et al. v. Katherine P. Kealoha, et al.

JUDGE:	Wes Reber Porter	DATE:	July 6, 2021

COURT ACTION:	EO:  ORDER DENYING DEFENDANT DEREK HAHN'S EX PARTE MOTION FOR COURT TO CONSIDER ATTORNEY PRIVILEGE TYPE EVIDENCE IN CAMERA

On July 2, 2021, Defendant Derek Hahn filed an Ex Parte Motion for Court to Consider Attorney Privilege Type Evidence *in Camera* (Ex Parte Motion).  See ECF No. 195.  In the Ex Parte Motion, Defendant Hahn seeks to submit an exhibit to the Court for *in camera* review in support of his pending Motion to Disqualify Plaintiffs' Counsel.  See id.  Defendant Hahn describes the exhibit as attorney-client privilege type evidence involving Thomas Otake, Esq. and Defendant Hahn.  See id.  Defendant Hahn seeks to submit the exhibit for *in camera* review so that it cannot be argued that Defendant Hahn waived his attorney-client privilege.  See id.

The Court finds that fairness requires disclosure of the exhibit if Defendant Hahn chooses to use the exhibit in support of his Motion to Disqualify Plaintiffs' Counsel.  See United States v. Ortland, 109 F.3d 539, 543 (9th Cir. 1997) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which *in fairness* requires disclosure of the protected communication, the privilege may be implicitly waived.").  If Defendant Hahn wants the Court to consider the exhibit, Defendant Hahn cannot deny Plaintiffs access to the same materials to defend against the Motion.  See United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (requiring "the court to evaluate whether 'allowing the privilege would deny the opposing party access to information vital to its defense.'"); see also Cole v. United States Dist. Court for the Dist. of Idaho, 366 F.3d 813, 821 (9th Cir. 2004) (prior to disqualifying counsel, "procedural due process requires notice and an opportunity to be heard").

The Court gives Defendant Hahn the choice of either filing the exhibit on the public docket, which will result in a limited waiver of the attorney-client privilege, or withdrawing his request for the Court to consider the exhibit in connection with the Motion to Disqualify Plaintiffs' Counsel.

If Defendant Hahn chooses to proceed with filing the exhibit on the public docket in support of his Motion to Disqualify Plaintiffs' Counsel, the Court will find that Defendant Hahn has waived the attorney-client privilege with Mr. Otake only as to the subject matter discussed in the exhibit and will limit the parties' use of the exhibit to the current proceedings before the Court.

Alternatively, Defendant Hahn can choose to withdrawal his request for the Court to consider the allegedly privileged exhibit in connection with his Motion to Disqualify Plaintiffs' Counsel and preserve the privilege.  See Bittaker v. Woodford, 331 F.3d 715, 721 (9th Cir. 2003) ("the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition").  If Defendant Hahn chooses this option, the Court would still have a full record to consider, including the briefing on the Motion to Disqualify Plaintiffs' Counsel and the multiple declarations submitted with the briefing.

Defendant Derek Hahn's Ex Parte Motion for Court to Consider Attorney Privilege Type Evidence is DENIED.  No later than close of business July 7, 2021, Defendant Hahn shall either file the exhibit at issue on the public docket or shall file a notice stating that he is withdrawing his request for the Court to consider the exhibit.

IT IS SO ORDERED.

       Submitted by: Juliet Parker, Courtroom Manager