DEPARTMENT OF THE CORPORATION COUNSEL

# CITY AND COUNTY OF HONOLULU

530 SOUTH KING STREET, ROOM 110 • HONOLULU, HAWAII  96813
PHONE:  (808) 768-5193  • FAX:  (808) 768-5105  • INTERNET:  www.honolulu.gov



RICK BLANGIARDI
MAYOR

DANA M.O. VIOLA
CORPORATION COUNSEL

KRISHNA F. JAYARAM
FIRST DEPUTY CORPORATION COUNSEL

October 20, 2021

*Via Electronic Filing*

The Honorable Judge Leslie E. Kobayashi
United States District Court
300 Ala Moana Boulevard
Honolulu, Hawaii  96813

Re:  Joint Letter brief setting forth parties position on briefing schedule for Plaintiffs' Motion for Partial Summary Judgment
*Gerald K. Puana, et al. v. Katherine P. Kealoha, et al.*,
Civil No. 16-00659 LEK-WRP

Dear Judge Kobayashi:

This joint letter brief is in response to Minute Order ECF 255, directing the parties to meet and confer and inform the Court in a letter brief due October 20, 2021 of the parties' proposed briefing schedule for Plaintiff's motion for partial summary judgment (MPSJ).

A meet and confer occurred on October 18, 2021, between Mr. Jonathan Loo and Ms. Audrey Stanley.  As detailed below, the City's position is that the MPSJ should be treated as filed on the current dispositive motions deadline (2/23/2022) and set thereafter.  As explained below, Plaintiffs' position is that the City should respond in three weeks.

**1.  City's position is that the City should respond by April 2022**

Additional discovery needs to be done (as detailed below) that hopefully will be finished by February 2022.  This is based on two assumptions: (1) the Court does not dismiss any claim that Plaintiff has moved for partial summary judgment on (Plaintiff moved for summary judgment on the same claims the City moved to dismiss; if the Court dismisses claims the summary judgment motion becomes moot), and (2) Plaintiffs respond to discovery in a timely fashion.

The current MPSJ moves for judgment on the same claims the City moved to dismiss:

1. Gerard Puana's Fourth Amendment malicious prosecution *Monell* claim based on:

   A. Louis Kealoha being a final policymaker ECF 238 at 49-50

*The Honorable Judge Kobayashi*
*October 20, 2021*
*Page 2*

        B.    the Honolulu Police Commission engaging in ratification, *id.* at 51-52

2.    Gerard Puana and Florence Puana's Fifth and Fourteenth meaningful access to courts claim based on not getting meaningful access to courts in the civil lawsuit they brought against Katherine Kealoha in state court, *id.* at 53-54

3.    Gerard Puana's Fifth and Fourteenth meaningful access to courts claim based on not getting meaningful access to courts in his 2011 criminal unauthorized entry into a dwelling felony charge to which he pled, *id.* at 54-55

If the Court grants the City's pending motion to dismiss, the MPSJ should be deemed moot. As it currently stands, the following discovery needs to be done:

1. responses to written discovery. City submitted written discovery (interrogatories and production requests) to both Plaintiffs On October 4, 2021 (seven days after Plaintiffs' MPSJ) and October 13, 2021. They are due November 3, 2021, and November 15, 2021.

2. Once the responses are received, the following discovery needs to be done. The City hopes depositions can be taken in **December**, if discovery responses are received in November. However, that may be difficult given the numbers of parties in this lawsuit:

        A.    Depose Gerard Puana (relevant for all 3 claims described above)

        B.    Depose Ricky Hartsell (relevant for claim 2 described above)

        C.    Depose Gerard Puana's sister and son (relevant for claim 1 and 3 described above)

        D.    Depose Gerard Puana's treating provider (although this will likely be last) (relevant for all claims described above)

        E.    Possibly depose Loretta Sheehan (relevant for claim 1 described above, if the HPC ratification theory goes forward)

        F.    Possibly depose Keith Kaneshiro (relevant for claim 1 described above, if the ratification theory goes forward)

        G.    Since Donna Leong and Mayor Caldwell are likely out as possible ratifiers as Plaintiff did not move for summary judgment on this basis, and did not respond to the City's motion to dismiss on these grounds, the City will not likely need to depose them

        H.    obtain expert report on whether Louis Kealoha was a final policymaker (this will be last, and will likely be submitted by the expert report deadline of 2/23/2022, as depos need to be taken and transmitted to the expert)

*The Honorable Judge Kobayashi*
*October 20, 2021*
*Page 3*

       I.     Make sure the City has all depositions, responses to subpoena duces tecum, and discovery responses and requests from the 2013 civil lawsuit Plaintiffs brought against Katherine Kealoha (relevant to claim 2 described above)

       J.     Ascertain all the moneys/things Plaintiffs have received: all restitution received, all property received, all garnishments received.

Plaintiffs claim this case has been pending and the City has delayed in seeking discovery, and that a three week response time is sufficient. However, Plaintiff refused to respond to written discovery for more than three months previously; Plaintiff cannot claim Plaintiffs would have responded to *more* discovery if the City propounded it earlier. *See* ECF 234 (order granting motion to continue noting "Plaintiffs do not dispute [the City's] assertion that Plaintiffs have failed to respond to discovery requests that were served in more than three months ago."); ECF 230 ¶ 11 (Mr. Seitz's statement that he was "under no obligation to provide discovery after [the City's] motion to dismiss [the first one, dismissed in May 2021] was granted. We could decline to respond now based upon your current pending motion; however, we will respond – as I said – as soon as we are able to do so.").

**2.    Plaintiffs' position is that the City should respond within three weeks.**

Plaintiffs' position is that the City's response to the MPSJ needs to be filed in three weeks. The City has had more than adequate time to conduct discovery. The stay in this case was lifted December 11, 2020 and Plaintiffs only now received interrogatories and requests for production of documents regarding liability. Further this motion for partial summary judgment was initially filed in response to the City's motion to dismiss the FAC (ECF 148) and the City sought no additional discovery as to liability at that time. The facts regarding liability are well known and publicly available as most if not all of them were established in the criminal trial in 17-00582 JMS. Plaintiffs reject the City's proposal and timeline pushing the City's response out to the dispositive motions deadline in February and engaging in written discovery and potentially seven depositions.

Plaintiffs refused to respond to the City's discovery request in May because it was propounded when there was a motion to dismiss the First Amended Complaint and a motion to disqualify Plaintiffs' counsel pending and because the request only sought discovery as to damages. Although the Court had entered a minute order regarding the motion to dismiss (ECF 161), it had not yet entered a final written order setting forth its ruling on the motion.

                                      Very Truly Yours,

                                      ***/s/ Audrey L.E. Stanley***

                                      Audrey L.E. Stanley

*The Honorable Judge Kobayashi*
*October 20, 2021*
*Page 4*

                    Deputy Corporation Counsel

ALS:sk
19-09041