IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERARD K. PUANA, ET AL., | CIVIL NO. 16-00659 LEK-WRP |
| Plaintiffs, | |
| vs. | ORDER GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR PROTECTIVE ORDER |
| KATHERINE P. KEALOHA, ET AL., | |
| Defendants. | |

ORDER GRANTING DEFENDANT CITY AND COUNTY OF
HONOLULU'S MOTION FOR PROTECTIVE ORDER

Before the Court is Defendant City and County of Honolulu's Motion for Protective Order Regarding Plaintiffs' First Request for Production of Documents to Defendant, filed on February 25, 2022 (Motion). See ECF No. 287. Plaintiffs filed their Opposition on March 14, 2022. See ECF No. 293. Defendant City and County of Honolulu (City Defendant) filed its Reply on March 28, 2022. See ECF No. 295. The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.

After careful consideration of the briefing and the relevant legal authority, the Court GRANTS the Motion for the reasons detailed below.

1

BACKGROUND

This action was filed on December 14, 2016 and was stayed pending the related criminal matter on November 6, 2017. See ECF No. 34. The stay was extended for another five months on March 6, 2018. See ECF No. 37. Based on the parties' Joint Status Report filed on April 22, 2019, the stay was extended again until September 6, 2019. See ECF No. 46. On September 9, 2019, the Court issued an order continuing the stay in this action pending the resolution of the related criminal matter. See ECF No. 56. Following a status conference with the parties, the Court issued an order on August 14, 2020 continuing the stay and granting leave to file an amended complaint. See ECF No. 79.

Plaintiffs filed their First Amended Complaint on September 3, 2020. See ECF No. 80. On December 11, 2020, this Court issued an order lifting the stay and directing Defendants to file responses to the Amended Complaint no later than January 4, 2021. See ECF No. 97. City Defendant filed a Motion to Dismiss the First Amended Complaint on April 13, 2021. See ECF Nos. 136, 147.

On June 4, 2021, the district judge granted-in-part City Defendant's motion to dismiss the Amended Complaint and gave Plaintiffs until August 4, 2021 to file a Second Amended Complaint. See ECF No. 172. Plaintiffs filed their Second Amended Complaint on August 1, 2021. See ECF No. 207. Both City Defendant and Defendant Derek Wayne Hahn then filed motions to dismiss the

Second Amended Complaint, which were heard by the district court on October 15, 2021. See ECF Nos. 211, 216, 260.

On January 27, 2022, Plaintiffs sent City Defendant its first request for production of documents. See ECF No. 287-3. While the motions to dismiss the Second Amended Complaint were pending, City Defendant filed the present Motion on February 25, 2022. See ECF No. 287. On February 28, 2022, the district court issued an order granting in part and denying in part the motions to dismiss the Second Amended Complaint. See ECF No. 289.

## Leave to Amend a Third Amended Complaint

The discovery requests at issue here relate to Plaintiffs' municipality liability claims premised upon a theory that officials within City Defendant ratified the Kealohas' actions (Plaintiffs' ratification claims). See ECF No. 289 at 42-46, 52. In the district court's February 28, 2022 order, Plaintiffs' ratification claims were dismissed without prejudice with leave to amend. See id. The district court granted Plaintiffs leave to file a Third Amended Complaint by March 30, 2022. As of the date of this Order, Plaintiffs have not filed a third amended complaint.

Because Plaintiffs continue to argue in support of their currently deficient ratification claims in their Opposition, the Court assumes that Plaintiffs plan to file a Third Amended Complaint following this Order. Based on this assumption, the Court hereby continues Plaintiffs' deadline to file a Third

Amended Complaint – still limited to the defects set forth in the district court's February 28, 2022 order – to May 13, 2022.

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" related to discovery. Fed. R. Civ. P. 26(c)(1). Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Veterans for Common Sense v. Shinseki, 644 F.3d 845, 888 (9th Cir. 2011) ("[B]road discretion is vested in the trial court to permit or deny discovery.") (quoting Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The burden is on the party seeking the order to "show good cause" by demonstrating harm or prejudice that will result from the discovery.[1] See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-

---

[1] While City Defendant seems to argue that Plaintiffs have the burden, the moving party has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery. See Phillips ex rel. Estates, 307 F.3d at 1210-11.

11 (9th Cir. 2002).

Generally, discovery is unavailable to a party seeking additional information to cure deficient claims.  See Yoshikawa v. City & Cty. Of Honolulu, 2021 WL 54363, at *7, n.9 (D. Haw. Jan. 6, 2021); see also Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc., 2017 WL 11139576, at *3 (D. Haw. July 6, 2017) ("The law is well settled that a plaintiff is not entitled to discovery it might need to state a plausible claim for relief.").  A plaintiff "must satisfy the pleading requirements of Rule 8 ***before*** the discovery stage, not after it."  Mujica v. Airscan Inc., 771 F.3d 580, 593 (9th Cir. 2014) (emphasis in original) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")).

Here, Plaintiffs seek "any and all" documents dating back to 2009 to cure their ratification claims that the district court has ruled deficient in its February 28, 2022 order.  See ECF No. 287-3.  In the Motion, City Defendant argues they are entitled to a protective order because (1) Plaintiffs' discovery requests are inappropriate given the pending motions to dismiss (and the current deficiency of Plaintiffs' ratification claims),[2] (2) Plaintiffs' requests are irrelevant,

---

[2] Because the district court's order on the motions to dismiss has been issued, the first argument is now moot.  However, the arguments made by City Defendant to stay discovery pending resolution of these motions will still be considered in light of the district court granting leave to amend.

and (3) plaintiffs' requests are protected by privilege. See ECF No. 287. Generally, Plaintiffs counter that they are not required to explain why they need discovery; rather, it is the moving party's burden to prove why it should not be required to comply with its discovery obligations. See ECF No. 293 at 5. Plaintiffs next argue that "[t]here is no authority for the proposition that a party may deny another party discovery because of pending motions that may or may not dispose of claims and or [sic] parties and thereby avoid its obligations under the discovery rules." Id. at 2. Lastly, Plaintiffs contend that the requests are relevant and appropriate to their ratification claims. See id. at 5.

### A. Relevance and Proportionality of Discovery

As to relevancy and proportionality, City Defendant argues that Plaintiffs' requests should be denied because (1) Plaintiffs fail to demonstrate the relevance of their requests, (2) the requests amount to little more than "fishing expeditions", and (3) the requests are not proportional to the needs of the case. See ECF No. 271 at 22.

The Court first considers City Defendant's argument that Plaintiffs "fail to demonstrate the requests' relevance." ECF No. 287 at 22. Plaintiffs seek "any and all" documents dating back to 2009 to bolster their deficient ratification claims. See ECF No. 287-3. As discussed below, production of these documents may also involve privilege issues, which would necessitate numerous hours of

review and logging by City Defendant, in addition to review and challenge by Plaintiffs, and the likely need for judicial involvement to resolve disputes.  The Court finds that City Defendant would be subject to undue burden and expense if it complied with the discovery requests as written.

Next, the Court considers City Defendant's argument that these requests are "fishing expeditions" in hopes of bolstering a third amended complaint.  See ECF Nos. 287, 295.

Here, Plaintiffs admit that the requests are "relevant and appropriate to [their] municipal liability claims based on ratification."  ECF No. 293 at 5.  The district court held that Plaintiffs' ratification claims was deficient because Plaintiffs failed to adequately allege that the Police Commission *knew* of the Kealoha's unconstitutional actions, or that the Police Commission engaged in "'deliberate action[s]' that 'directly caused deprivation of [Puana's] federal rights.'"  ECF No. 293 at 43-44 (internal citations omitted).  Plaintiffs argue that the requested discovery will show that the Honolulu Police Commission and the Honolulu Ethics Commission knew of Louis Kealoha's abuse of his position as Police Chief.  See ECF No. 293 at 6.  In short, Plaintiffs argue that the discovery requested will cure their currently deficient ratification claims.

Accordingly, the Court finds good cause for City Defendant's protective order and stays discovery on the topic of ratification prior to the filing of

7

Plaintiffs' Third Amended Complaint, now due by May 13, 2022.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); see also Hunt v. Cty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (explaining that the court has "broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16").

Lastly, the Court considers City Defendant's argument that the requests are not proportional to the needs of the case.  Assuming that Plaintiffs file a Third Amended Complaint and sufficiently plead the ratification claims, City Defendant may have documents potentially relevant to these claims.  However, Plaintiffs' requests for "any and all" documents and communications from upwards of 13 years between six attorneys is not proportional to the needs of this case.  Accordingly, the Court finds that the production requests as written seek discovery disproportionate to the needs of the case and must be narrowed.

Accordingly, considering the relevancy and proportionality of Plaintiffs' requests, City Defendant has met its burden to establish good cause for a protective order under Rule 26(c) and discovery related to Plaintiffs' ratification claims is stayed.

### B. Privilege

City Defendant next argues that because Plaintiffs' production requests seek communications among City attorneys and its clients throughout the City, all of the documents are protected by attorney client privilege, some of the documents sought are protected by the deliberate process privilege, and others are protected by privilege and the work-product doctrine. See ECF No. 287 at 22-27. Plaintiffs counter that City Defendant's objections amount to "boilerplate or blanket claims of privilege." ECF No. 293 at 3. The Court agrees with Plaintiffs and finds that City Defendant's privilege argument amounts to nothing more than a generalized claim.

Generalized objections asserting attorney-client privilege or work product doctrine do not comply with the Local Rules. Local Rule 26.2(d) requires that objections based upon privilege identify such things as the nature and subject matter of the communication at issue, the date of the creation of the document, the sender and receiver of the communication and their relationship to each other, and the basis for the legal claim of privilege, work product, or other production objections, among others. See LR26.2(d). To the extent documents and communications are protected by privilege, City Defendant must provide a privilege log in compliance with the Local Rules to enable the Court to meaningfully assess the claim of privilege.

It is premature for the Court to consider any blanket claims of privilege at this time. If Plaintiffs choose not to file a Third Amended Complaint, discovery will proceed as to the remaining claims in the Second Amended Complaint. However, if Plaintiffs do file a Third Amended Complaint by the new deadline set herein, May 13, 2022, and the district court has ruled on the viability of Plaintiffs' ratification claims therein, then the parties are instructed to meet and confer to resolve the discovery dispute. See LR37.1 (requiring parties to confer in a "good faith effort" to resolve discovery disputes on their own before involving the court). After the parties have complied with their discovery obligations set forth in Local Rule 37.1, Plaintiffs may resubmit their production of document requests more narrowly tailored to the operable claims in the case. See Bartolome v. City & Cty. of Honolulu, 2008 WL 2736016, at *14 (D. Haw. July 14, 2008) (explaining that the Court "will not rewrite a party's discovery request to obtain the optimum result for that party. That is counsel's job."). Thereafter, the City Defendant must comply with Local Rule 26.2(d) and detail any claims of privilege in a privilege log with particularized arguments for each document withheld on such grounds.

CONCLUSION

For the reasons detailed above, the Court GRANTS City Defendant's Motion for Protective Order. The Court CONTINUES Plaintiffs' deadline to file a third amended complaint to May 13, 2022. Until that date, discovery relating to Plaintiffs' ratification claim is stayed. If filed, parties are instructed to meet and confer in efforts to resolve the remaining discovery disputes and better tailor the requests. To the extent any requested documents and communications are protected by privilege, City Defendant must provide a privilege log in compliance with the Local Rules.

IT IS SO ORDERED.

DATED APRIL 28, 2022 AT HONOLULU, HAWAII.



Wes Reber Porter
United States Magistrate Judge

**PUANA, ET AL. V. KEALOHA, ET AL.; CIVIL NO. 16-00659 LEK-WRP; ORDER GRANTING CITY DEFENDANTS MOTION FOR PROTECTIVE ORDER**