UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| GERARD K. PUANA, RICKY L. HARTSELL, AS TRUSTEE OF THE FLORENCE M. PUANA TRUST;<br><br>Plaintiffs,<br><br>vs.<br><br>KATHERINE P. KEALOHA, LOUIS M. KEALOHA, MINH-HUNG NGUYEN, MINH-HUNG "BOBBY" NGUYEN; DANIEL SELLERS, NIALL SILVA, WALTER CALISTRO, DRU AKAGI,  JOHN AND/OR JANE DOES 1-50, DEREK WAYNE HAHN,<br><br>Defendants. | CIV. NO. 16-00659 LEK-WRP |

**ORDER GRANTING DEFENDANT MINH-HUNG "BOBBY" NGUYEN'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR DAMAGES [DOC. 307]**

Before the Court is Defendant Minh-Hung "Bobby" Nguyen's ("Nguyen") Motion to Dismiss Third Amended Complaint for Damages [Doc. 307] ("Motion"), filed on June 29, 2022. [Dkt. no. 330.]  On August 12, 2022, Plaintiffs Gerard K. Puana ("Puana") and Ricky L. Hartsell as Trustee of the Florence M. Puana Trust (collectively "Plaintiffs") filed their memorandum in opposition to the Motion.  [Dkt. no. 351.]  The hearing on the Motion was held on September 2, 2022.  [Dkt. no. 358.]  The Motion is hereby granted for the reasons set forth below.

**BACKGROUND**

Plaintiffs' operative complaint is their Third Amended Complaint for Damages, filed on May 13, 2022 ("Third Amended Complaint"). [Dkt. no. 307.] Because the background of the case was explained in detail in the Court's Order Granting in Part and Denying in Part the Motions to Dismiss, filed on February 28, 2022 ("2/28/22 Order"), [dkt. no. 289,[1]] and the factual allegations discussed in the 2/28/22 Order are re-alleged in the Third Amended Complaint, the Court does not repeat the background here. The new factual allegations pled in the Third Amended Complaint are discussed as relevant to the Motion.

Plaintiffs allege the following claims against Nguyen: a malicious prosecution claim under 42 U.S.C. § 1983 ("Count I");[2] a pattern of racketeering activity claim in violation of 18 U.S.C. § 1962(c) ("Civil RICO Claim" and "Count II"); an intentional infliction of emotional distress claim ("IIED Claim" and "Count III"); and a defamation claim ("Count IV"). Nguyen moves to dismiss with prejudice Count II

---

[1] The 2/28/22 Order is also available at 587 F. Supp. 3d 1035.

[2] Nguyen's Motion asserts that only Counts II, III, and IV are alleged against him. See, e.g., Motion, Mem. in Supp. at 1. Plaintiffs do not contest Nguyen's contention in their memorandum in opposition. But, the Third Amended Complaint alleges Count I against all of the defendants. See, e.g., Third Amended Complaint at ¶ 187.

and the portion of Count III that is based on the 2011 unlawful entry of a dwelling ("UED") charge because Plaintiffs have had three opportunities to allege sufficient facts and they have failed to plead such allegations.

## DISCUSSION

### I. Civil RICO Claim – Count II

The Court previously dismissed the Civil RICO Claim because Plaintiffs failed to adequately allege at least two predicate acts and, even if they did, they failed to sufficiently allege that the acts were continuous. See 2/28/22 Order, 587 F. Supp. 3d at 1052–53. Plaintiffs again fail to allege either at least two predicate acts or continuity. The first predicate act that Plaintiffs allege as to Nguyen relates to the 2013 mailbox theft charge against Puana. In the 2/28/22 Order, the Court found that "Plaintiffs sufficiently allege that members of the [Criminal Intelligence Unit ('CIU')], including Nguyen, violated [18 U.S.C.] § 1512(c) in the 2013 mailbox theft case against Puana." 587 F. Supp. 3d at 1052; see also id. at 1046 (describing the 2013 mailbox theft case). The Third Amended Complaint realleges sufficient facts to allege a first predicate act by Nguyen stemming from the 2013 mailbox theft. See Third Amended Complaint at ¶ 91 ("On June 22, 2013, Nguyen falsely identified . . . Puana as the person who stole the mailbox . . . .").

Plaintiffs, however, fail to allege a second predicate act. They allege "several [Honolulu Police Department] officers including, but not limited to, Nguyen, [Walter] Calistro, [Daniel] Sellers, [Dru] Akagi, [Derek] Hahn and [Niall] Silva mishandled evidence, fabricated evidence, falsified reports, otherwise failed to perform investigative and normal police duties in a capable and professional manner in order to ensure that . . . Puana would be prosecuted . . . ." [Third Amended Compliant at ¶ 97.] The broad allegations in paragraph 97 against Nguyen are insufficient to plead a second predicate act. As to the circumstances regarding the 2011 UED charge against Puana, Plaintiffs still do not allege how Nguyen assisted Katherine Kealoha ("Katherine") in entering Puana's residence. See id. at ¶ 55 ("Katherine Kealoha arrived and unlawfully entered the premises with the assistance of Defendant[] Nguyen . . . ."). Other than paragraph 55 in the Third Amended Complaint, no other facts are alleged as to how Nguyen was involved in the 2011 UED events. Thus, two predicate acts have not been alleged.

Moreover, even if Plaintiffs adequately alleged two predicate acts, they fail to plausibly allege the element of continuity. "[W]hen a plaintiff alleges only a single scheme with a single victim it cuts against a finding of both closed-ended as well as open-ended continuity." Metaxas v. Lee, 503 F.

4

Supp. 3d 923, 941 (N.D. Cal. 2020) (citing Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 365-67 (9th Cir. 1992)). Here, Plaintiffs allege a single scheme with a single victim. Namely, they allege the CIU schemed to implicate Puana in the 2013 mailbox theft. See Third Amended Complaint at ¶ 90. Plaintiffs fail to allege open-ended continuity because "a criminal scheme with a singular goal poses no threat of continuing criminal activity once that goal is achieved." See Metaxas, 503 F. Supp. 3d at 941 (citation omitted). They also fail to allege close-ended continuity because the alleged predicate acts did not "extend[] over a substantial period of time." See H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 242 (1989). The 2013 mailbox theft was staged on June 21, 2013, and Puana was charged on July 1, 2013. See Third Amended Complaint at ¶¶ 87, 104. The ten days that it took the CIU to implicate Puana in the 2013 mailbox theft cuts against a finding of close-ended continuity. See H.J. Inc., 492 U.S. at 242 ("Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement[.]").

Because Plaintiffs neither plausibly allege at least two predicate acts nor the element of continuity, their Civil RICO Claim against Nguyen must be dismissed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter,

5

accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). The dismissal is with prejudice because Plaintiffs have been given multiple attempts to cure the defects in their pleading, and it is clear that "the pleading [cannot] possibly be cured by the allegation of other facts." See Ebner v. Fresh, Inc., 838 F.3d 958, 963 (9th Cir. 2016) (quotation marks and citation omitted). Any future amendment would therefore be futile. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." (quotation marks and citation omitted)).

## II.  IIED Claim – Count III

The Court previously dismissed the portion of Plaintiffs' IIED Claim against Nguyen stemming from the 2011 UED charge against Puana.[3] See 2/28/22 Order, 587 F. Supp. 3d at 1053–54. Nguyen argues that the IIED Claim should be dismissed with prejudice because Plaintiffs fail to cure the defects in the claim. See Motion, Mem. in Supp. at 10. The Court agrees with Nguyen.

---

[3] The portion of Plaintiffs' IIED Claim stemming from the 2013 mailbox theft charge survived dismissal. See 2/28/22 Order, 587 F. Supp. 3d at 1054.

6

Plaintiffs only allege Nguyen assisted Katherine in entering Puana's residence. See Third Amended Complaint at ¶ 55. They do not allege how Nguyen assisted Katherine. Thus, the Court cannot identify an act by Nguyen that caused the alleged harm. See Young v. Allstate Ins. Co., 119 Hawai`i 403, 429, 198 P.3d 666, 692 (2008) ("[T]he tort of IIED consists of four elements: 1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." (citation and internal quotation marks omitted)). Accordingly, Plaintiffs have not plausibly alleged the portion of their IIED Claim against Nguyen based on the 2011 UED charge, and it must be dismissed. Because Plaintiffs have failed to allege this portion of their IIED Claim after multiple opportunities to amend, this Court concludes that further amendment would be futile. The dismissal is therefore with prejudice.

## **CONCLUSION**

On the basis of the foregoing, the Court GRANTS Nguyen's Motion to Dismiss Third Amended Complaint for Damages [Doc. 307], filed June 29, 2022. Count II against Nguyen and the portion of Count III against Nguyen stemming from the 2011 UED charge are DISMISSED WITH PREJUDICE. Count I, the portion

7

of Count III stemming from the 2013 mailbox theft charge, and Count IV remain against Nguyen.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, December 19, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

GERARD K. PUANA, ET AL. VS. KATHERINE P. KEALOHA, ET AL; CV 16-00659 LEK-WRP; ORDER GRANTING DEFENDANT MINH-HUNG "BOBBY" NGUYEN'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR DAMAGES [DOC 307]