# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 16-00659 LEK-WRP |
| CASE NAME: | Puana v. Kealoha. |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 2/15/2023 |

COURT ACTION:  EO: COURT ORDER DENYING DEFENDANT KATHERINE P. KEALOHA'S MOTION

    On January 11, 2023, Plaintiffs Gerard K. Puana and Ricky L. Hartsell as Trustee of the Florence M. Puana Trust (collectively "Plaintiffs") filed their Motion for Disclosure of Facts Presented in Katherine P. Kealoha's and Louis M. Kealoha's Presentencing Reports ("Motion for Disclosure").  [Dkt. no. 426.]  On January 23, 2023, the Court granted in part and denied in part the Motion for Disclosure.  See generally Order Granting in Part and Denying in Part Civil Plaintiffs' Ex Parte Motion for Disclosure of Facts Presented in Katherine P. Kealoha's and Louis M. Kealoha's Presentence Reports [Filed 12/01/22 (Dkt. No. 1176)], filed 1/23/23 (dkt. no. 439) ("1/23/23 Order").  Pro se Defendant Katherine P. Kealoha ("Katherine") filed a motion, dated January 29, 2023, titled: "Motion to Update My Current Address; the Objection to the Release of My PSR and Motion to Seek the Court's Intervention to Allow My Participation in These Civil Proceedings" ("Motion").  [Filed 2/7/23 (dkt. no. 453).]

    To the extent that Katherine requests to update her address to the one listed in the Motion, her request is DENIED AS MOOT because her address was updated to reflect her current location on January 30, 2023.  See, e.g., dkt. no. 448 ("The docket has been updated to reflect the FCI Victorville address.").

    To the extent that Katherine requests to participate in the civil proceedings, her request is DENIED because "defendants in civil matters . . . do not have a constitutional right to participate in hearings."  See Colvin v. Tako, LLC, Case No. 2:22:cv-00082-CDS-DJA, 2022 WL 4133430, at *1 (D. Or. Sept. 12, 2022) (citing Gannett Co., Inc. v. DePasquale, 443 U.S. 368, 381 n.9 (1979)); see also Moore v. Santa Clara Cnty. Superior Ct., C 94-20305 RPA, 1995 WL 66809, at *1 (N.D. Cal. Feb. 8, 1995) ("Prisoners do not have a constitutional right to personally appear at civil suit proceedings[.]" (citing Conway v. Dunbar, 448 F.2d 765, 766 (9th Cir. 1971))).

    To the extent that Katherine objects to the disclosure of her presentencing report ("PSR"), her objections are OVERRULED because the 1/23/23 Order was issued before

Katherine filed her Motion, even under the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule).

However, because Katherine is proceeding pro se, her filings must "be liberally construed."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and citation omitted).  The Court, therefore, CONSTRUES the Motion as also seeking reconsideration of the 1/23/23 Order.

"Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact."  Local Rule LR60.1.

Katherine fails to identify new material facts not previously available, an intervening change in law, or a manifest error of law or fact in the 1/23/23 Order.  Moreover, Katherine's mere disagreement with the Court's ruling does not constitute grounds for reconsideration.  See Fisher v. Kealoha, 49 F. Supp. 3d 727, 735 (D. Hawai`i 2014).  Because Katherine has failed to establish any ground that warrants reconsideration, the Motion is DENIED.

IT IS SO ORDERED.

Submitted by:  Tammy Kimura, Courtroom Manager