# MINUTE ORDER

CASE NUMBER:   CIVIL NO. 16-00659 LEK-WRP

CASE NAME:   Gerard K. Puana et al., v Katherine P. Kealoha et al.,

JUDGE:   Leslie E. Kobayashi            DATE:   6/1/2023

COURT ACTION: EO: COURT ORDER: CONSTRUING LETTER AS A REQUEST FOR APPOINTMENT OF COUNSEL AND AS MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [FILED 3/3/23 DKT. NO. 460)]; AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL

  On May 22, 2023, the Court received a letter from Defendant Louis M. Kealoha ("Louis Kealoha"). See Letter dated 5/13/23 ("Letter"), filed 6/1/23 (dkt. no. 471). Because the Letter is an ex parte communication; that is, a communication directly to the judge without filing and without service on counsel for the other parties, Louis Kealoha is warned that ex parte communications are not permitted and violate court rules. See Local Rule LR81.1(f) ("Self-represented litigants must not informally communicate with the presiding judge or chambers staff by letter, telephone, or electronic means. Requests for action must be brought by motion subject to response by the opposing party."). Therefore, he should refrain from such communications and instead file any written letters or pleadings with the Clerk of Court for the United States District Court for the District of Hawai`i.

  Louis Kealoha proceeds *pro se* and therefore his filings must "be liberally construed." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks and citation omitted). The Letter is accordingly construed as a request for appointment of counsel, and as his memorandum in opposition to Plaintiffs' Motion for Default Judgment as to Defendant Louis M. Kealoha filed on March 3, 2023. See Plaintiffs' Motion for Default Judgment as to Defendant Louis M. Kealoha ("Plaintiffs' Motion"), filed 3/3/23 (dkt. no. 460).

  As to the request for appointment of counsel, Louis Kealoha is a prisoner and a defendant in a civil lawsuit. The Court has the discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e). However, Louis Kealoha has neither sought nor been granted in forma pauperis status, and

> [g]enerally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103

(9th Cir. 2004), *cert. denied sub nom.* Gerber v. Agyeman, 545 U.S. 1128, 125 S. Ct. 2941, 162 L. Ed. 2d 867 (2005).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The Court concludes that exceptional circumstances have not been shown here.  Therefore his request for appointment of counsel is DENIED.

As to the Letter being construed as his opposition to Plaintiffs' Motion, the request for setting aside the entry of default against Louis Kealoha, the Court notes that the magistrate judge previously granted Louis Kealoha's Request for Extension of Time to Respond to the Motion for Default Judgment and extended his deadline to file his opposition memorandum to May 8, 2023.  See EO, filed 4/17/23 (dkt. no. 470).

The Clerk's Office is hereby DIRECTED to mail a copy of this entering order to:

> Louis M. Kealoha
> 06015-122
> FPC Sheridan
> PO Box 5000
> Sheridan, OR 97378

IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager