Case 1:16-cv-00659-LEK-WRP   Document 474   Filed 07/12/23   Page 1 of 14   PageID.6231

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

| | |
|---|---|
| ERIC A. SEITZ | 1412 |
| DELLA A. BELATTI | 7945 |
| JONATHAN M.F. LOO | 10874 |
| KEVIN YOLKEN | 10987 |

820 Mililani Street, Suite 502
Honolulu, HI 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608
E-mail(s):  eseitzatty@yahoo.com
daubelatti@yahoo.com
jloo33138@yahoo.com
kevinyolken@gmail.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| GERARD K. PUANA, and RICKY L. HARTSELL as Trustee of the Florence M. Puana Trust,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, KATHERINE P. KEALOHA, LOUIS M. KEALOHA, MINH-HUNG "BOBBY" NGUYEN, NIALL SILVA, WALTER CALISTRO, DRU AKAGI, JOHN and/or JANE DOES 1-50,<br><br>Defendants. | CIVIL No. 16-00659 JMS-WRP (Other Civil Action)<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT LOUIS M. KEALOHA; CERTIFICATE OF SERVICE** |

### PLAINTIFFS' SUPPLEMENTAL MEMMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT LOUIS M. KEALOHA

In response to the Court's order of June 28, 2023, Plaintiffs GERARD K. PUANA and RICKY L. HARTSELL, as Trustee of the Florence M. Puana Trust, by and through their undersigned attorneys, hereby file their Supplemental Memorandum in Support of Motion for Default Judgment on proof as to Defendant Louis M. Kealoha.  This supplemental memorandum is based upon the records and files herein and the evidence and arguments to be presented at a hearing upon the motion.

Plaintiffs GERARD K. PUANA and RICKY L. HARTSELL, as Trustee of the Florence M. Puana Trust (hereinafter "Plaintiffs") filed this action pursuant to 42 U.S.C. § 1983 to, among other things, vindicate their constitutional rights under the Fourth and Fourteenth Amendments for acts committed under color of law by Defendant Louis M. Kealoha and others while he served as Chief of Police of the City and County of Honolulu (hereinafter "Chief Kealoha"). Because Chief Kealoha failed to appear and answer or otherwise reply to Plaintiffs' Third Amended Complaint, the Clerk of the Court entered a default against him.  (ECF No. 455).  As set forth in this supplemental memorandum in support of Plaintiffs' Motion for Default Judgment, Plaintiffs meet the factors set

forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) and therefore request that the Court grant Plaintiffs' Motion for Default Judgment.

In its prior rulings denying various 12(b)(6) motions to dismiss, the Court held that Plaintiffs have plausibly alleged a Fourth Amendment malicious prosecution claim under 42 U.S.C. § 1983 [ECF No. 289 at p. 48, "Plaintiffs have plausibly alleged a malicious prosecution claim."] and related state law claims for intentional infliction of emotional distress [ECF No. 289 at p. 24, "However, Plaintiffs plausibly allege an IIED claim related to Nguyen falsely identifying Puana as the mailbox thief."] and defamation [ECF No. 289 at p. 27, "Because Plaintiffs sufficiently allege (1) an IIED claim against Nguyen relating to his false identification of Puana and (2) a defamation claim against Nguyen relating to his false identification of Puana, the Nguyen Motion is denied as to those claims."] over which it has supplemental jurisdiction.

## MALICIOUS PROSECUTION

Pursuant to 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

"Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). In order to establish liability under 42 U.S.C. § 1983, Plaintiff must satisfy the following elements: 1) the deprivation of a right secured by the Constitution or statutory law; and 2) that the deprivation was perpetrated by a person acting under color of state law. Id.

In the Third Amended Complaint, Gerard Puana asserted his Fourth Amendment right to be free from malicious prosecution with respect to his frame up and prosecution in Criminal No. 13-00735 LEK-BMK for allegedly stealing the Kealohas' mailbox. (TAC ¶¶ 65-66, 85-96, 153-160). In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir.1995). Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126–27 (9th Cir.2002).

Gerard Puana was arrested on July 1, 2013 in Criminal No. 13-00735 LEK having been charged with violating 18 U.S.C. § 1705. That charge was unfounded and based entirely on evidence fabricated by Chief Kealoha, Katherine Kealoha and the Defendant Officers at the direction of Chief Kealoha, their commanding officer. There was no probable cause to support his arrest, and therefore a Fourth Amendment violation occurred. Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); Manuel v. City of Joliet, Ill., 137 S.Ct. 911, 197 L.Ed.2d 312 (2017); Awabdy v. City of Adelanto, 368 F.3d 1062 (9th Cir. 2004); and Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Although the charge was brought by the United States Attorney's Office, the shield of prosecutorial independence does not protect them from liability in this case since they knowingly provided false information, concealed exculpatory evidence, and engaged in wrongful conduct instrumental to charges being brought. Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir. 2002). The Fourth Amendment violation continued until Gerard was no longer in jeopardy, and the charges were terminated in his favor in a manner suggesting innocence. That did not occur until December 16, 2014, when the Court dismissed the charges against him with prejudice upon motion of the United States after a mistrial had been declared. TAC ¶ 114.

As alleged in the Third Amended Complaint and conclusively established by their convictions on Counts 1, 2, 6, and 8 of the First Superseding Indictment in Criminal No. 17-00582 JMS-WRP, Chief Kealoha and Defendants Katherine Kealoha, Derek Hahn, and Minh-Hung "Bobby" Nguyen used their positions as police officers and a deputy prosecuting attorney to conduct surveillance, fabricate evidence, to destroy evidence, to lie to federal investigators, and to lie before a grand jury and at trial to falsely implicate Gerard Puana in the theft of the Kealohas' mailbox. TAC ¶¶ 52, 87-90, 93, 94, 97, 104, 112, 160-171, 174.  Defendants acted maliciously in that their intent in fabricating the false charge was to intimidate and discredit Gerard Puana, to have him falsely convicted of a felony in Criminal No. 13-00735 LEK-BMK, and to deny him his right to adequate, effective, and meaningful access to the courts in Civil No. 13-1-0686-03 (VLC) under the Fifth and Fourteenth Amendments.  TAC ¶ 87, 115. These actions were undertaken as a part of Katherine Kealoha's vow to "seek the highest form of legal retribution against anyone" who uttered lies against her regarding the reverse mortgage taken out on Florence Puana's house in September of 2012.  TAC ¶ 68.

As to Count 1, the jury found that Chief Kealoha and Defendants Katherine Kealoha, Derek Hahn, and Minh-Hung "Bobby" Nguyen acted knowingly and intentionally and with the intent to further the illegal objectives of

the civil rights conspiracy.  As to Count 2, the jury found that Defendants Katherine Kealoha, Derek Wayne Hahn, and Minh-Hung Nguyen aided and abetted Chief Kealoha's false testimony at trial implicating Gerard Puana.  As to Count 6, the jury found that Katherine Kealoha, Chief Kealoha, and Derek Wayne Hahn aided and abetted Minh-Hung "Bobby" Nguyen's false testimony before the grand jury regarding recovery of the video of the mailbox theft and the identification of Gerard Puana as the person in the video.  As to Count 8, the jury found that Katherine Kealoha, Chief Kealoha, and Derek Wayne Hahn aided and abetted Minh-Hung "Bobby" Nguyen's false testimony before the grand jury regarding Nguyen's conversations with Niall Silva about their false testimony at trial.  In order to aid and abet, each of these defendants had to act with the specific intent to facilitate the commission of a crime by another, and that crime had to have been committed.  Rosemond v. United States, 572 U.S. 65, 134 S.Ct. 1240, 188 L.Ed.2d 248 (2020).

      At sentencing, Judge Seabright, based on the evidence presented at trial, found that Chief Kealoha and Katherine Kealoha had both acted under color of law to violate Gerard Puana's civil rights.  This was reflected in the judgments entered against and sentences imposed on Katherine Kealoha and Chief Kealoha.  Further, both Chief Kealoha and Katherine Kealoha admitted stealing this money in their plea agreements in Criminal No. 18-00068 JMS-WRP as well as violating

7

Gerard Puana's constitutional rights in their sentencing agreements in Criminal No. 17-00582 JMS-WRP. Accordingly, the undisputed evidence establishes that Gerard Puana has satisfied all the elements of a malicious prosecution claim under the Fourth Amendment, and that the violation was committed knowingly, intentionally and under color of law.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

With respect to their intentional infliction of emotional distress claim, Plaintiffs must allege and prove: 1) intentional or reckless acts by the defendant; 2) that the acts were outrageous; and 3) that the acts caused him extreme emotional distress. Enoka v. AIG Hawaii Insurance Company, Inc., 109 Haw. 537, 559 (2006). Outrageous acts are ones "without just cause or excuse and beyond all bounds of decency." Id. Extreme emotional distress means mental suffering, mental anguish, nervous shock, and all highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. Hac v. University of Hawaii, 102 Haw. 92, 106 (2003).

The Third Amended Complaint alleges that Chief Kealoha ordered that Gerard Puana be surveilled, falsely identified Gerard Puana as the individual who stole his mailbox in 2013, and directed the fabrication and mishandling of evidence by Defendants Hahn, Sellers, and Silva which resulted in Gerard Puana

8

being arrested and maliciously prosecuted in Criminal No. 13-00735 LEK. TAC ¶¶ 52, 87-90, 93, 94, 97, 104, 112. The Third Amended Complaint also alleges that Defendant Silva pled guilty to conspiring with Chief Kealoha and others in the frame up of Gerard Puana, and that Chief Kealoha was indicted and convicted for the same conduct in Criminal No. 17-00582 JMS-WRP. TAC ¶¶ 160-171, 174. These acts were intentional, outrageous, and inflicted severe emotional damage on Gerard Puana. TAC ¶¶ 196-197. Accordingly, Chief Kealoha should be held liable for intentional infliction of emotional distress.

**DEFAMATION**

In order to sustain a claim for defamation, a plaintiff must establish the following four elements: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Dunlea v. Dappen, 83 Hawaii 28, 924 P.2d 196 (1996). Where a defendant himself has not published the defamatory material, it is sufficient that the defendant directed or procured its publication through a third party. Runnels v. Okamoto, 56 Haw. 1, 3 (1974).

As alleged in the Third Amended Complaint and established at trial in Criminal No. 17-00582 JMS-WRP, Chief Kealoha falsely identified Gerard

Puana as the individual who stole his mailbox. TAC ¶¶ 93, 112. Chief Kealoha also directed the falsification of reports and the fabrication of evidence regarding the theft of the mailbox. TAC ¶ 90. Falsely accusing Gerard Puana of the commission of a crime is libel per se. Kahanamoku v. Advertiser Publishing Co., 25 Haw. 701, 709 (1920). Publication occurred when that defamatory information was provided by Chief Kealoha to others which resulted in Gerard Puana's arrest and an indictment being secured against him. The public filing of the indictment in Criminal No. 13-00735 LEK would also constitute publication as would Chief Kealoha's testimony at trial identifying Gerard Puana as the mailbox thief. Accordingly, Chief Kealoha should be held liable for defamation.

**GENERAL DAMAGES**

The Court has directed Plaintiff Gerard Puana to submit a declaration detailing his injuries for the purpose of awarding general damages. Respectfully, counsel would note that preparing such a declaration is painful, traumatizing, and triggering for Mr. Puana. In order to spare Mr. Puana this additional trauma and in lieu of a declaration, counsel requests that the Court consider the following. Attached as Exhibit 3 to Plaintiffs' Motion for Default Judgment (ECF No. 460) was a Report of Independent Psychological Examination of Gerard K. Puana by Marvin Acklin, Ph.D., dated September 9, 2022. At pp. 3-7 of Dr. Acklin's report, in sections entitled "Clinical Assessment" and "Results of Psychological

Assessment" is a detailed personal history and description of the symptoms from which Mr. Puana suffers. At pp. 16-17 of his report, Dr. Acklin includes the results of the Posttraumatic Checklist, Civilian (PCL-C), Patient Health Questionnaire-9 (PHQ-9), and the Generalized Anxiety Disorder-7 (GAD-7) tests which he administered to Mr. Puana. These results establish that Mr. Puana is suffering from a high severity of PTSD symptoms, moderate, moderately severe, and severe depressive disorder symptoms, and moderate to severe generalized anxiety disorder symptoms. At pp. 18-21 of his report, in a section entitled "Summary of Psychological Evaluation Findings," Dr. Acklin concludes that Mr. Puana suffers from "stressor-precipitated adjustment disorder with anxiety and depression, moderate to severe, major depressive disorder, and generalized anxiety disorder." He also concludes that Mr. Puana is suffering from PTSD, all of which he finds were "proximately related to the circumstances of the legal cases where he was falsely arrested, jailed, and prosecuted" with other sources of distress "ruled out." Counsel respectfully submits that these portions of Dr. Acklin's report substantiate and support Mr. Puana's claims for general damages.

### **PUNITIVE DAMAGES**

Punitive damages may be awarded in a 1983 action where a defendant has acted with evil motive or intent or with reckless or callous indifference to a plaintiff's constitutional rights. Smith v. Wade, 461 U.S. 30, 56,

11

103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983); Larez v. City of Los Angeles, 946 F.2d 630, 648 (9th Cir. 1991). No showing of actual malice is required, nor does it matter that compensatory damages may be awarded under the same standard. Id. Punitive damages may also be awarded where a defendant's conduct is oppressive, that is, where the conduct is unnecessarily harsh or severe or involves the misuse or abuse of power against a weak, vulnerable, or disabled person. Dang v. Cross, 422 F.3d 800, 809 (9th Cir. 2005). A plaintiff's inability to demonstrate compensable injury is not a bar to punitive damages being awarded, and an award of punitive damages should not be overturned unless it is grossly excessive, unsupported by the evidence, or purely speculative. Davis v. Mason County, 927 F.2d 1473, 1485 (9th Cir. 1991) (upholding a $320,000 punitive damage award in an excessive force case).

In Smith, an award of punitive damages was upheld against a prison guard who placed two dangerous inmates in the same cell with a vulnerable inmate who had requested protective custody and the vulnerable inmate was beaten and sexually assaulted. Smith, 461 U.S. at 32, 103 S.Ct. at 1628. In Larez, an award of punitive damages was upheld against LAPD Chief Darryl Gates for ratifying and condoning the tortious conduct of his officers and for publicly mocking the complaints lodged by the plaintiff against his officers. Larez, 946 F.2d at 641-48.

In this case, Chief Kealoha abused his position as a police officer, abused his position as Chief of Police, and abused manpower and resources of the City and County of Honolulu to maliciously fabricate and prosecute Gerard Puana for a crime he did not commit. He did so to intimidate and discredit Gerard for bringing a lawsuit against the Chief's wife Katherine, accusing her of stealing money from Gerard and his mother, Florence. In doing so, Chief Kealoha flagrantly and intentionally violated Gerard's Fourth Amendment right to be free from arrest and prosecution without probable cause. There is no better case in which punitive damages would be appropriate than this one, and $250,000.00 in punitive damages would certainly be reasonable.

## **CONCLUSION**

Based on the foregoing, Plaintiffs have established that the totality of the *Eitel* factors weigh in favor of entering a default judgment in their favor and against Defendant Louis Kealoha. Accordingly, Plaintiffs respectfully request that the Court enter judgment in their favor and against Louis Kealoha.

DATED: Honolulu, Hawaii,  July 12, 2023  .

/s/ Eric A. Seitz
ERIC A. SEITZ
DELLA A. BELATTI
JONATHAN M.F. LOO
KEVIN YOLKEN

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing document was duly served on this date to the following parties by U.S. Mail at their last known address:

>Louis M. Kealoha
>Reg. No. 06015-122
>FCI Sheridan
>Federal Correctional Institution
>P.O. Box 5000
>Sheridan, OR 97378
>
>Defendant pro se
>
>Katherine P. Kealoha
>BOP No. 06014-122
>FCI Victorville Medium I
>Federal Correctional Institution
>P.O. Box 3725
>Adelanto, CA  92301
>
>Defendant pro se

DATED:   Honolulu, Hawaii, July 12, 2023.

/s/ Eric A. Seitz
ERIC A. SEITZ